No. 21,525.

THE KELLEY & LYSLE MILLING COMPANY, *Appellee*, v. L. SCHREIBER, doing business as the L. SCHREIBER GRAIN COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. REPORT OF REFEREE—*"Decision of Court"*—*Judgment Thereon.* Under section 300 of the civil code, the report of a referee, determining the whole issue by findings of fact and conclusions of law separately stated, stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court.

2. SAME—*When Motion for New Trial Must Be Filed.* The word "decision," in section 306 of the civil code, providing that the motion for a new trial must be filed within three days "after the verdict or decision is rendered," includes the decision constituted by the report of a referee on the whole issue, stating facts found and conclusions of law seperately.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed December 8, 1917. Dismissed.

*William G. Holt, J. K. Cubbison,* both of Kansas City, and *S. I. Hale,* of La Crosse, for the appellant.

*A. F. Sherman, Thad B. Landon, A. L. Berger,* all of Kansas City, and *John H. Atwood,* of Lawrence, for the appellee.

The opinion of the court was delivered by

BURCH, J.: In the district court the plaintiff recovered. The defendant appealed, and the plaintiff moves to dismiss the appeal on the ground the notice of appeal was not served in time.

The issues of fact and of law were referred to a referee, who filed his report on October 17, 1911. Findings of fact and conclusions of law favorable to the plaintiff were separately stated. The defendant promptly filed a motion for a new trial and a motion to set aside the report. The plaintiff filed a motion to confirm the report. These motions were argued in September, 1914, and were taken under advisement until March 18, 1916, when the motion for a new trial was denied, the motion to set

aside the report was denied, the motion to confirm the report was granted, and judgment was entered for the plaintiff. Within three days the defendant filed a second motion for a new trial. This motion was denied on May 26, 1917, and notice of appeal was served on June 13, 1917. The plaintiff contends that the second motion for a new trial served no legal purpose, and that the appeal should have been taken within six months from March 18, 1916, when the first motion for a new trial was denied and judgment was rendered. The defendant contends that the first motion for a new trial was nugatory, and that the time within which the appeal might be taken is to be computed from the date on which the second motion for a new trial was denied. The question is, when must the motion for a new trial be filed in cases referred to a referee to determine the entire issue.

The status of the report of a referee is established by section 300 of the code of civil procedure, which reads as follows:

"A trial before referees is conducted in the same manner as a trial by the court. He may require the court stenographer, when not otherwise engaged, to attend, take and transcribe the testimony in the case. They have the same power to summon and enforce the attendance of witnesses, to administer all necessary oaths in the trial of the case, and to grant adjournments, as the court, upon such trial. They must state the facts found and the conclusions of law separately, and their decisions must be given and may be reviewed in like manner. The report of the referees upon the whole issue stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court. When the referee is to report the facts, the report has the effect of a special verdict." (Gen. Stat. 1915, § 7200.)

This section is substantially the same as section 293 of the old code (Gen. Stat. 1901, § 4740). The only changes made by the new code were that here, as elsewhere, exceptions allowed by the old code were eliminated, and authority to require the services of the court stenographer at the trial was added. The result is that when the report of the referee came in, covering the whole issue by findings of fact and conclusions of law separately stated, the report stood as the decision of the court, and judgment might have been entered thereon for the plaintiff in the same manner as if the trial had been by the court. The language of the statute is too plain to permit

quibbling about it, and applied to the present controversy gives the following equation:

Report of referee = decision of the court.

How could the defendant avoid judgment against him on the report?

The defendant might desire to attack the report without asking for a reëxamination of the facts. If so, he could file a motion stating the grounds. If the motion were denied and the report confirmed, an appeal would lie from the order under the fourth clause of the second subdivision of section 565 of the code:

"The supreme court may (also) reverse, vacate or modify any of the following orders of the district court or a judge thereof, or of any other court of record, except a probate court. . . . *Second*—An order that discharges, vacates or modifies a provisional remedy; or that grants, refuses, vacates or modifies an injunction; or that grants or refuses a new trial; or that confirms or refuses to confirm the report of a referee; or that sustains or overrules a demurrer." (Gen. Stat. 1915, § 7469.)

If the defendant desired a reëxamination of the issues of fact, his remedy was by motion for a new trial. Section 305 of the code tells what a new trial is and for what causes a new trial should be granted. The statute uses the three expressions—"verdict by a jury, report of a referee, or a decision by the court."

When must the motion for a new trial be filed? Under the old code (§ 308), there were two time limitations—within three days, and at the same term of court. (Gen. Stat. 1901, § 4756.) Under the new code there is but one time limitation —within three days (§ 306). Within three days of what? The old code used the three expressions—verdict, report, decision. The new code says, "after the verdict or decision is rendered."

It is not disputed that the word "decision" includes the decision of the court when the trial is by the court. When a cause is tried by the court, the announcement of findings of fact and conclusions of law constitutes the decision of the court, within the meaning of the code provision requiring a motion for a new trial to be filed within three days. (*Brubaker v. Brubaker*, 74 Kan. 220, 222, 86 Pac. 455.) Under section 300 of the code, the report of a referee, determining the issues by

findings of fact and conclusions of law separately stated, "stands as the decision of the court," and the first term of the equation stated above may be substituted for its equivalent in section 306. The word "verdict" as used in section 306 includes the report of a referee, when the issues of fact only are referred. There are two kinds of verdict, general and special (§ 294), and if the issues determined by either kind are to be reëxamined, it must be on motion for a new trial made within three days after the verdict is returned. But by·express provision of section 300, "when the referee is to report the facts the report has the effect of a special verdict."

The result of the foregoing is that the time limitation of three days contained in section 306 covers every form of trial, whether by jury, by referee, or by the court, and in case of trial by a referee must be computed from the time the report is filed.

If a review of the action of the court in disposing of a motion for a new trial leveled against the report of a referee be desired, an appeal may be taken, not under the fourth, but under the third clause of the second subdivision of section 565 of the code.

It is said that this court has declared the law to be that the report of a referee has no force or effect until confirmed by the court; that because of these declarations, the report of a referee is nothing at all, does not possess sufficient potentiality to invite attack by motion for a new trial, until acted on and approved by the court; and that section 308 of the old code was amended and given its present form to comply with the declarations of this court. The declarations referred to are the following:

"His [a referee's] report has no force or effect until it is confirmed by the court." (*Kelley v. Schreiber*, 82 Kan. 403, 405, 108 Pac. 816.)

"In general, the findings [of a referee] do not become binding until they have received the approval of the court. (17 Encyc. Pl. & Pr. 1054.)" (*Bank v. Showers*, 65 Kan. 431, 434, 70 Pac. 332.)

The statement contained in the opinion in the Kelley case was not published until May, 1910, and consequently could not have influenced the legislature when it was amending the code at the session of 1909. The statement contained in the bank case was scarcely definite enough to induce the legisla-

ture to make a special exception with regard to the time for filing motions for new trials in cases tried before referees. If the legislature had intended to render the report of a referee a nonentity until confirmed by the court, it would have amended section 293 of the old code, which gave a report on the whole issue the effect of a decision by the court, and which gave a report on the facts the effect of a special verdict by a jury. Instead of this, the legislature enlarged the power of a referee, conformed the section to the new practice abolishing exceptions, and continued in force the provisions relating to the status and effect of a referee's report (§ 300.) As indicated above, the new section, relating to the time within which a motion for a new trial must be filed (§ 306), does, in apt and succinct terms, apply to the report of a referee, and manifestly the sole object of the amendment was merely to get rid of the necessity of filing the motion for a new trial at the same term of court as the decision.

In this state "repeals by implication" are not favored, and the court ought not to be held to have stricken from the code an important part of an important section by a remark which did not refer to the section, which was inserted in the opinion of the court by way of argument and illustration only, and which was not essential to the decision. The statement made by the writer of the opinion in the bank case cited the authority on which it was based. An examination of the text referred to shows that it was discussing the reports of masters and commissioners in equity cases under chancery practice. The cases cited to sustain the text were all cases of the character indicated. If the writer of the opinion had looked a few pages further in the same textbook, he would have discovered matter relating specifically to referees, and to the subject he was discussing:

"By the statutes of some states the report of a referee upon the whole issue stands as a decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court." (17 Encyc. Pl. & Pr. 1074.)

Standing alone, the statement contained in the opinion in the Kelley case would be too broad, but the most cursory reading of the opinion discloses that the court had no thought of impairing the force of section 300 of the code. The context

makes it perfectly clear that the purpose was to illustrate the distinction between the court and a referee as an organ of the court, whose work the court has power to supervise, modify, approve, or set aside.

It is said that the statute does not provide that the report of a referee shall constitute the judgment of the court, and so make the referee a deputy judge. Certainly not. The report of a referee is merely placed on the footing of the special verdict of a jury, or of findings of fact and conclusions of law stated by the court. It still takes judicial action by the court to bring into existence that distinctive thing which constitutes the final determination of the rights of the parties, the judgment in the case.

When the trial is by the court, and the court states findings of fact and conclusions of law, that constitutes the decision of the court within the meaning of the statute relating to new trials, but not the final judgment. Judgment may or may not be rendered at the time the findings of fact and conclusions of law are returned. So with the report of a referee. When the report comes in, the court does not proceed to reëxamine the facts, or tinker with the findings, any more than it would if it had stated the findings itself. The facts are established by the report, which without more stands as the decision of the court on the facts, and judgment may be entered as on a decision made by the court itself in a trial by the court. If a reëxamination of the facts be desired, the motion for a new trial must be filed within three days.

The defendant refers to the case of *Alexander v. Clarkson,* 96 Kan. 174, 150 Pac. 576. In that case the report of the referee was filed on October 14, 1912, and was approved by the court on June 16, 1913. On September 19, 1913, the court directed that a decree be prepared according to the referee's report theretofore made and approved. On March 6, 1914, the court approved a journal entry which recited "that this judgment be and it is hereby made and entered as of September 19, 1913." (p. 179.) The motion for a new trial was filed on March 7, 1914. The defendants, who were appellees, insisted that the motion for a new trial should have been filed within three days after the rendition of judgment on Septem-

12—102 Kan.

ber 19, 1913. The plaintiff contended that the judgment was not rendered until March 6, 1914. It was sufficient for the purpose of the decision, holding that the motion for a new trial was filed too late, to go back to the decision of the district court approving the referee's report on June 16, 1913.

On March 18, 1916, when the district court denied the motion for a new trial, granted the motion to confirm the report, and rendered judgment, it attempted to follow the practice when a jury is called in an advisory capacity, and "adopted" the report of the referee as the findings and decision of the court. This action of the court was supererogatory. The report of the referee was not an orphan. It stood as the decision of the court by virtue of the statute, and the court could not add anything by adoption proceedings.

The appeal is dismissed.