No. 23,380.

The Iola Oil & Gas Company et al., *Appellees*, v. Irvin A. Strauss, *Appellant*.

### SYLLABUS BY THE COURT.

1. CANCELLATION OF ASSIGNMENT OF LEASE—*Procured by Fraud—Sufficient Petition—Demurrer to Evidence.* In this action, one to cancel, on the ground of fraud, the assignment of a one-tenth interest in an oil and gas lease, the petition stated a cause of action, objection to the introduction of evidence under the petition was properly overruled, and the evidence proved facts sufficient to constitute a cause of action.

2. SAME. The findings of fact were supported by evidence.

3. SAME—*Request for Additional Findings Denied.* It is not error to overrule a request for additional findings of fact where the request comes in the form of questions practically constituting a cross-examination of the court on findings that have been made.

4. SAME—*Motion for Additional Findings—Motion for New Trial—Procedure by Court Not Error.* It is not error for a trial court to take a motion for new trial and a motion for additional findings of fact, to examine them in connection with the pleadings and the evidence, to come to a tentative conclusion concerning them, and to reduce that conclusion to writing, where he afterward gives all parties an opportunity to be heard and his mind remains open for conviction by reason and argument.

5. SAME—*Findings—No Ratification of Fraud.* The general finding of the court, which included a finding that the assignment that had been procured by fraud had not been ratified, was supported by evidence.

Appeal from Woodson district court; Oscar Foust, judge. Opinion filed January 7, 1922. Affirmed.

*William Thomson*, and *George K. Brasher*, both of Kansas City, Mo., for the appellant.

*F. J. Oyler, W. H. Anderson, G. M. Lamer,* all of Iola, *G. H. Lamb,* and *W. H. Hogueland,* both of Yates Center, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against him cancelling the assignment of a one-tenth interest in an oil and gas lease which assignment is alleged to have been procured by fraud practiced by the defendant on the plaintiffs.

The action was tried without a jury, and extensive findings of fact were made. The essential facts found were that plaintiff C. T. Kirk and the fourteen other personal plaintiffs named with him were partners "associated . . . together for the purpose of leasing lands, causing geological survey thereof to be made, and if favorably reported, then to drill for oil and gas, under the firm name and style of the Iola Oil & Gas Company," that the defendant, at the time of the transactions described in the petition and at the time of the trial, "was . . . a practical geologist . . . engaged in the business of making geological surveys of lands, as touching the presence of oil or gas within or under such lands, and locating test well or wells when leases were obtained by those employing him for such purposes; such services being rendered by the defendant, Irvin A. Strauss and his son, G. R. Strauss, his assistant at an agreed price per diem and actual expenses incurred by defendant in rendering such services," that the defendant was employed by the plaintiff partnership to make a survey upon lands on which they obtained an oil and gas lease; that the plaintiff partnership entered into an oral contract with the owner of certain property for a lease thereon; that the defendant went to the property to make a survey thereof and was instructed by the plaintiff partnership to draw the lease at the same time and obtain the signatures of the owners of the property thereto; that the lease was signed by the landowner and named C. T. Kirk, trustee, as lessee; that the defendant returned to Iola, reported to the plaintiff partnership, did not deliver the lease, but took it with him to Kansas City, from which place he afterward mailed the lease to plaintiff, C. T. Kirk, and with it enclosed a contract assigning one-tenth interest in the lease to the defendant and a letter stating that the contract should be signed by C. T. Kirk as trustee in accordance with the contract that the letter stated had been made with the partnership by the defendant; that C. T. Kirk signed the assignment and returned it to the defendant; that the defendant was paid for his services; that there was no consideration for the assignment; and that no agreement had been made by any member of the partnership with the defendant giving or consenting to give to him one-tenth interest in the lease. The court found, as a conclusion of law, that the assignment from C. T. Kirk to the defendant had been procured by fraud.

These findings were supported by evidence and responded to the allegations of the petition.

1. It is contended that the court committed error in overruling the defendant's demurrer to the plaintiffs' petition, in overruling the defendant's objection to the introduction of evidence under the petition, and in overruling the defendant's demurrer to the plaintiff's evidence. The allegations of the petition and the facts which plaintiff's evidence tended to prove have been briefly stated. An examination of what has been stated reveals that these contentions of the defendant are without foundation. A case of fraud was alleged and proved, and, in addition to that, the assignment of the one-tenth interest in the lease to the defendant was entirely without consideration.

2. The defendant argues that the findings of the court were not supported by evidence. It is unnecessary to set out in detail the findings of fact made by the court and the evidence to support them. The ultimate facts upon which the correctness of the judgment rested have been summarized. Those facts were established by evidence, and it is unnecessary to discuss the detailed criticism advanced by the defendant concerning the findings of fact made by the court.

3. It is insisted that the court committed error in overruling the defendant's motion for additional findings of fact and conclusions of law. The request for the additional findings of fact and conclusions of law was in the form of questions submitted to the court. Most of them might have been answered by yes or no; the others in a very few words. Neither suggested findings nor conclusions of law were presented to the court. Under the heading "Additional Conclusions of Law," this question was asked:

"7. Did the acts of the plaintiff corporation and plaintiff partnership subsequent to the execution and delivery of the contract that was returned to Strauss, constitute ratification, acquiescence or estoppel?"

In *Lumber Co. v. Russell*, 93 Kan. 521, 525, 144 Pac. 819, this court said:

"The defendants submitted special questions of fact to be answered by the court, which the court refused to answer, but made findings of fact and conclusions of law separately. This is urged as error. The submission of special questions may be fairly construed as a request to make special findings of fact and conclusions of law as provided by section 297 of the civil code, but the court is not required to answer special questions. It is the duty of the court, on request, to make separate findings of fact and conclusions of law as was done in this case."

The practice of submitting special questions to be answered by the court was criticised in *Vickers v. Buck,* 70 Kan. 584, 586, 79 Pac. 160, where this court said:

"Plaintiffs in error complain of an alleged failure, or refusal, of the court to state its findings of fact and conclusions of law separately  .  .  .  This request was made in a particular manner by the defendants below, and fourteen special questions were submitted. It is not necessary, or customary, for a party to a suit to submit questions of fact when the trial is to the court without a jury, as it is especially required where the trial is to a jury, and special findings of fact are desired. It is the usual and proper practice simply to make the request of the court to make such separate findings of fact and conclusions of law upon all material points involved in the case, which request should be granted."

This, however, is not the most serious objection to the questions submitted. They constituted a cross-examination of the court on the findings made. Not one of them, except the one that has been quoted, asked the court to find upon any ultimate fact upon which judgment could be based, and each of the other questions submitted asked the court to detail some part of the evidence that had been introduced. The judgment of the court must have been that the acts of the plaintiffs did not constitute ratification, acquiescence or estoppel. The court could very properly have found on the matter of ratification, but it was not error to refuse to answer the question submitted. The court was not compelled to submit to a cross-examination under the guise of a request for additional findings of fact.

4. After the motion for a new trial and the motion for additional findings of fact were filed, but before they were heard, the court took copies of the motions, considered them together with the pleadings and evidence, came to a conclusion concerning what should be done on the motions, and reduced that conclusion to writing. The motions were afterward heard, and the court rendered judgment in accordance with that conclusion. The defendant argues that by so doing the court prejudged the defendant's case, denied the defendant his day in court, and denied him due process of law; all in violation of the fourteenth amendment to the constitution of the United States and of section .18 of the bill of rights of the constitution of the state of Kansas. The judgment rendered on those motions recites that counsel for the defendant was present and was heard; that the motions were considered by the court; and that they were then overruled. This court is of the opinion that it was not improper

for the trial court to take the papers and consider them and the evidence for the purpose of informing himself concerning any matter that might come before him for adjudication. The conclusion reached on such examination did not deprive any of the parties of any right, if the mind of the court remained open for conviction by reason and argument and a final conclusion was reached only after all parties had been fully heard on the subject. The defendant cites a number of cases in which the aggrieved party was denied his right to be heard and judgment was rendered against him without a hearing. That would be error.

5. The most serious question in this case is, Did the plaintiffs, after the discovery of the fraud of the defendant, ratify the assignment to him? This question was not specifically covered by the findings of the court. By the general finding in favor of the plaintiffs, the court in effect found that there had been no ratification. There was much correspondence between the defendant and plaintiff, C. T. Kirk, and some correspondence with others of the plaintiffs. In some of the letters written to the defendant, language was used which, if the writer had known of the fraud of the defendant, would have apparently amounted to a ratification of the assignment so far as the writer was concerned. C. T. Kirk did most of the writing for the plaintiffs. He believed and had confidence in the defendant and had that belief and confidence at all times at which he wrote the letters on which the defendant relies. When C. T. Kirk learned positively that a fraud had been practiced, he repudiated the assignment. None of the other partners, when they wrote the defendant, had any knowledge of the fraud that had been practiced. It can hardly be said that a partner, writing to one who had defrauded the partnership, could ratify the contract secured by that fraud when that partner did not know of the fraud. Such a partner could not ratify for himself under such circumstances, and it follows that he could not ratify for the partnership under the same circumstances.

Twelve assignments of error are presented, and some of those are divided into a number of heads. The abstract does not comply with the rules of the court; the appeal might well be dismissed for that reason. However, every proposition advanced by the defendant has been considered, and the conclusion has been reached that no reversible error was committed by the trial court.

The judgment is affirmed.