No. 26,144.

The Railroad Building, Loan and Savings Association, *Appellee,* v. J. W. Watkins et al., *Defendants;* J. S. Painter and Mary E. Painter, *Appellants.*

SYLLABUS BY THE COURT.

Appeal and Error—*Motion for New Trial—Necessity.* There is no direct appeal from an order of the district court, in an action tried by the court, denying a motion for additional findings of fact.

Appeal from Osage district court; Robert C. Heizer, judge. Opinion filed October 10, 1925. Affirmed.

*Albert M. Casten,* of Quenemo, for the appellants.

*H. W. Hart,* of Wichita, and *C. O. Conkey,* of Newton, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one to foreclose a real-estate mortgage. Plaintiff prevailed, and defendants appeal. Violation of an unvariable rule of practice prevents consideration of the case on its merits.

Watkins purchased from Cavner lots 8, 10 and 12 in a certain block in Quenemo, and received a deed dated July 3 and filed July 15, 1918. On July 13 Watkins executed and delivered to plaintiff a mortgage for $1,500 on lots 8 and 10, which was recorded on July 15. On July 27 Watkins conveyed to Painter by deed, recorded on July 29. Painter made application to plaintiff for a loan. The application was dated July 13 and was delivered to Watkins, who transmitted it to plaintiff. Painter testified that when the application was delivered to Watkins it covered all the lots. When it was received by plaintiff it covered lot 12 only. On July 26 Painter executed and delivered to plaintiff, without reading it, a mortgage on lot 12 for $1,500, which was recorded on July 29. Painter testified he delivered to Watkins the draft for this loan. The action was commenced to foreclose the Watkins mortgage. Painter's defense was that in June he orally contracted to purchase all the lots of Watkins for $2,500; $1,000 to be paid in cash and the remainder of the purchase price to be obtained by getting a loan on the lots from plaintiff, which Watkins agreed to do; that

1. Appeal and Error, 3 C. J. § 299.

Painter was in possession of the lots as tenant of Cavner until July 1, and subsequently under claim of ownership by virtue of his oral contract with Watkins; and that Watkins was plaintiff's agent in taking Painter's application and in closing the loan to Painter.

The trial occurred in June, 1922, and Painter requested ten findings of fact, which were stated in accordance with his testimony and which covered his defense. The court took the case under advisement until July 21, when it suggested that some of the facts disclosed by the evidence might be condensed by stipulation of the parties. Such a stipulation was filed, and on August 2 the court rendered its decision. The court found generally for plaintiff, and in addition returned findings of fact showing the Watkins mortgage constituted a valid first lien on lots 8 and 10. The conclusion of law was that plaintiff was entitled to foreclosure, etc., as prayed in its petition, and judgment was rendered pursuant to the conclusion of law. The findings made no reference to plaintiff's claim of oral contract of purchase and possession under that contract, and inferentially negatived agency of Watkins for plaintiff in respect to procuring Painter's loan on lot 12. Painter then found himself in this situation: His request for findings according to his theory of the case had been refused, and the decision had been rendered based on findings establishing the Watkins mortgage. To meet the situation Painter filed a motion for what he called additional findings of fact. The document contained sixteen paragraphs. Each paragraph propounded to the court one or more questions, and altogether the interrogatories constituted a captious cross-examination of the court with respect to the evidence. The motion was not in such form that it could be regarded as a challenge on any statutory ground of findings which the court did make, and it was properly denied. (*Oil & Gas Co. v. Strauss*, 110 Kan. 608, 203 Pac. 1111.)

Painter undertakes to specify two errors. The first specification is that the court erred in the foreclosure and judgment for costs, which is not a specification of error. The purpose of a specification of error is to point out in what respect the court erred, and merely to say a judgment is erroneous amounts to nothing. The second specification is that the court erred in overruling the motion for additional findings of fact. In stating what is obvious—that the motion for additional findings was properly denied—this court

exceeded its authority. The question was not before it for decision. There is no direct appeal to this court from an order of the district court denying a motion for additional findings of fact. The ruling must be made the basis of a motion for new trial. If the motion for new trial be denied, an appeal from that ruling will bring up the other. The order denying the motion for additional findings cannot be brought up in any other way. Painter filed no motion for new trial.

The judgment of the district court is affirmed.