No. 27,530.

THE UNION NATIONAL BANK, *Appellee,* v. OLIVE G. FRUITS and J. H. FRUITS, *Appellants.*

(260 Pac. 638.)

### SYLLABUS BY THE COURT.

APPEAL AND ERROR—*Necessity of Motion for New Trial.* In the absence of a motion for a new trial there can be no reëxamination of issues of fact.

Appeal from Sedgwick district court, division No. 3; GROVER PIERPONT, judge. Opinion filed November 5, 1927. Affirmed.

*George McGill* and *J. T Rogers,* both of Wichita, for the appellants.

*C. H. Brooks, Willard Brooks* and *Howard ·T. Fleeson,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action in the nature of a creditor's bill to subject certain real property to the payment of debts. It was tried

Appeal and Error, 3 C. J. pp. 960 n. 79, 985 n. 34; 4 C. J. pp. 649 n. 36, 650 n. 37.

to the court, who made findings of fact and conclusions of law and rendered judgment for plaintiff. Defendants have appealed.

The story of the controversy is told in the findings of the court as follows:

"This action was filed June 11, 1925, seeking to have Olive G. Fruits adjudged the trustee for the benefit of the plaintiff and other creditors, of the following-described real estate: (240 acres of farm land described.) The action was first instituted against Olive G. Fruits, alone. Olive G. Fruits and J. H. Fruits are husband and wife. In her original answer Olive G. Fruits claimed the land as her own and alleged that $10,000 of her own money had been invested in property and that this ultimately went into this particular land. During the trial of the case J. H. Fruits was permitted to become party defendant to the action, and both defendants to file an amended answer in which it was alleged that the northwest quarter of the property in question and upon which were located the house and buildings, was the homestead of the defendants herein.

"1. April 14, 1923, J. H. Fruits signed a guarantee in behalf of the Welshimer Coffee Company, of Wichita, Kan., to the Union National Bank of Wichita, Kan., wherein he guaranteed 'to said bank payment at maturity of all notes, checks, drafts, or other obligations, the proceeds of which have been credited to the account of the Welshimer Coffee Company in the Union National Bank, and any and all items on which the said bank extends cash or credit to the said Welshimer Coffee Company'; and agreed 'to reimburse the Union National Bank for any loss it may sustain through the extension of credit or funds to the Welshimer Coffee Company.' December 31, 1923, the Union National Bank brought an action in the district court of Sedgwick county, Kansas, against J. H. Fruits and others, upon this obligation,. and on the 4th day of March, 1925, obtained a judgment against J. H. Fruits for the sum of $1,438.22, with interest at 8 per cent per annum, from November 23, 1923. No appeal was taken. Said judgment is duly docketed in the records of the clerk of the district court of Sedgwick county, Kansas.

"2. On the 10th day of June, 1925, execution was duly issued upon this judgment against the property of J. H. Fruits, and the execution was returned June 11, 1925, 'nulla bona'; and the judgment remains unsatisfied.

"3. On and prior to April 14, 1923, J. H. Fruits was the husband of Olive G. Fruits and head of the family living on about ten acres of land located on North Hydraulic avenue, city of Wichita, Sedgwick county, Kansas, and is still her husband and head of the family. On or about the second day of October, 1923, they exchanged the city property mentioned for the property in question, as above described. This property constitutes all of the real estate owned or claimed by J. H. Fruits or Olive G. Fruits. At the time of the exchange the farm property had a mortgage upon it in the sum of twelve thousand ($12,000) dollars. Olive G. Fruits did not assume the payment of said mortgage, but took title subject thereto. Since that time about $2,000 has been paid upon the principal of the mortgage. At the time of the exchange the defendants did not have any intention to move upon the land in

question and occupy the same as a homestead. In March, 1924, they leased a farm of twelve acres on Meridian highway, about eight miles from Wichita, for a period of one year, and lived upon the same for about that length of time.

"4. At the time of the exchange of properties the farm land herein in question was under lease to one Forward, who was in possession thereof and continued in possession until the summer of 1924. Although the lease did not expire until August 1, Forward left the land a short time before. In August, September and October, 1924, the sons of the defendants herein, at the direction of the defendants, prepared a portion of the land and put in a wheat crop. The defendants, with their family, moved upon the farm property in question during the month of March, 1925, and have lived there continuously since that time.

"5. At the time of the exchange of the property mentioned, the title to the farm property was taken in the name of Olive G. Fruits, who at all times since has had the title in her name. The land is worth approximately $75 to $80 per acre. The city property was the property of J. H. Fruits. No separate money or estate of Olive G. Fruits was invested in or a part of said city property. At the time of the exchange, and previous thereto, J. H. Fruits was indebted to the Union National Bank of Wichita, Kan., in the sum of $1,750, of which amount there is still due the sum of $1,438.22, with interest at 8 per cent per annum, from November 23, 1923.

"6. The conveyance of the farm property herein described was made to Olive G. Fruits by her husband, J. H. Fruits, with the intent to place the property outside the reach of his creditors and with the intent to cheat and defraud the plaintiff herein and other creditors and prevent, hinder and delay the collection of the amounts due them.

"7. In 1925 the landlord's share of the wheat produced upon this land amounted to approximately $748. In 1926 the landlord's share amounted to approximately $897.60."

From these facts the court concluded, as a matter of law, that Olive G. Fruits is a trustee of the farm land described in favor of the plaintiff; that plaintiff was entitled to an accounting of the rents and profits, and that if these should be insufficient to pay the claim of plaintiff, the land should be sold for that purpose.

Defendants filed no motion for a new trial. Their principal complaint in this court is that the findings of fact are not supported by the evidence. They are not entitled to be heard upon that question. In the absence of a motion for a new trial, there can be no reexamination of issues of fact. (R. S. 60-3001; *Brubaker v. Brubaker*, 74 Kan. 220, 86 Pac. 455; *Milling Co. v. Schreiber*, 102 Kan. 172, 169 Pac. 222; *Kinear v. Guthrie*, 113 Kan. 692, 216 Pac. 280; *State, ex rel., v. Telephone Co.*, 115 Kan. 236, 264-269, 223 Pac. 771; *Railroad B., L. & Savings Ass'n v. Watkins*, 119 Kan. 409, 239 Pac. 755.)

An examination of the record, however, discloses that the findings of fact are supported by competent, substantial evidence.

On motion of plaintiff the court impounded the rents of the farm pending the further order of the court, the evident purpose being to apply the same upon the claim of plaintiff. When the appeal was taken defendants gave a supersedeas bond, and the court, on motion of defendants, in view of the supersedeas bond having been given, ordered that the impounded money be delivered to defendants. That order was stayed by a former order of this court. Plaintiff has appealed from the order of the court directing the return of the money to the defendants. Since that order was stayed and the money is still impounded and may now be applied to the payment of plaintiff's claim, the question of whether the trial court was correct in making the order appealed from by plaintiff is no longer material.

The judgment of the court below is affirmed.