No. 39,410

State of Kansas, ex rel., Harold R. Fatzer, Attorney General of the State of Kansas, *Appellee,* v. George Miller and Mr. and Mrs. L. W. Redmond, doing business as Atlas Finance, *Appellants.*

(268 P. 2d 964)

Opinion filed April 10, 1954.

*Pat Warnick,* of Wichita, argued the cause, and *Alan B. Phares,* and *Henry E. Martz,* both of Wichita, were with him on the briefs for the appellants.

*Harold R. Fatzer,* attorney general, argued the cause, and *Paul E. Wilson, Thomas M. Evans,* assistant attorneys general, and *Ward D. Martin,* special assistant attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This is an appeal from an order of the trial court granting a temporary injunction and appointing a receiver.

The petition, after stating the official capacity of the attorney general, alleged that the defendants, Mr. and Mrs. L. W. Redmond, and George Miller, were engaged in the business of lending money in small amounts to poor and necessitous residents of Kansas at usurious rates of interest of from 100 to 600 percent per annum, under the name of Atlas Finance, with offices in Wichita, and had in their custody and control certain records, notes, contracts and other property, and that the conduct of such business constituted a common nuisance. The Atlas Finance Company was a successor to the Metro Finance Corporation, which formerly conducted business in Wichita, and had since been dissolved. The interests of Metro were purchased by defendant George Miller. There was outstanding a large number of loans made by the defendants, the loans having been made at illegal and usurious rates of interest, as aforementioned, and the loans could not be fully, adequately, and completely adjusted by remedy at law. Unless a receiver was appointed, there would be a great multiplicity of vexatious and

unfounded actions to collect the usurious interest, many of which actions the borrowers would be unable on account of their poverty and lack of knowledge as to their rights under the laws of Kansas to defend. There was imminent danger of defendants disposing of their property to persons or corporations not subject to the jurisdiction of the court, and that a receiver should be appointed by the court with full power to take immediate charge of all the assets, records, notes, contracts and other property of said business. The petition prayed that a restraining order issue forthwith and, when returned, a temporary injunction issue, a receiver be appointed, and as final relief that a permanent injunction issue, restraining and enjoining the defendants, their successors, assigns, agents and employees from lending money in the state of Kansas at a rate of interest greater than permitted by the laws of this state. On the same date the petition was filed, the court issued its restraining order in compliance with plaintiff's request. Summons was issued and served upon the defendants Redmond, only. The court set the cause for hearing upon the temporary injunction and the appointment of a receiver, and subsequently on December 10, 1953, the Redmonds being present in person and by their attorneys, evidence was taken on the petition for a temporary injunction and for the appointment of a receiver. At the conclusion of plaintiff's evidence, defendants Redmond demurred on the ground that plaintiff's evidence was insufficient to sustain the relief sought. The trial court overruled defendants' demurrer and granted a temporary injunction against defendants Redmond, doing business as Atlas Finance Company, and appointed a receiver. A portion of the order reads as follows:

"It is Further Ordered, Adjudged and Decreed by the Court that a temporary injunction issue *in personam* against the defendants . . . other than the defendant, George Miller; and said defendants are enjoined and restrained from collecting the charges or brokerage contracts outstanding, which charges and brokerage contracts are illegal and a violation of the usury laws of the state of Kansas.

"It is Further Ordered, Adjudged and Decreed by the Court that Henry Edwards be and he is hereby appointed receiver for the defendants, Mr. and Mrs. L. W. Redmond doing business as Atlas Finance Company, and upon filing bond in the sum of $1,000.00, to be approved by the court, and filing his oath and qualifying as receiver, the said Henry Edwards, receiver, is directed to take possession of the notes, contracts, papers and instruments of any kind or nature or personal property belonging to Atlas Finance Company, and said receiver is ordered and directed to ascertain the names of the parties having loans, the

amount of principal, the amount of the loan of each borrower and the interest or other fees of any kind charged on each loan and report such findings to the court."

It is from this order of the trial court granting the temporary injunction and appointing a receiver that defendants Redmond appeal.

Defendants' specifications of error are five in number. We will first consider and dispose of their claim that the trial court erred in overruling the demurrer to plaintiff's evidence. In doing so, we shall give full application to the established rule that in the determination of such question all facts proved by plaintiff must be accepted as true and given the benefit of all favorable inferences to be reasonably drawn therefrom, and not weigh any part that is contradictory nor weigh any differences between the direct and cross examination and, if so considered, there is any evidence which sustains plaintiff's case, the demurrer should be overruled. (*Tuggle v. Cathers*, 174 Kan. 122, 254 P. 2d 807; *In re Estate of Hayden*, 174 Kan. 140, 254 P. 2d 813; West's Kansas Digest, Trial, § 156, Appeal and Error, § 866(2) and § 997(2); 5 Hatcher's Kansas Digest [Rev. Ed.], Trial, §§ 147 to 151, incl.; I Hatcher's Kansas Digest [Rev. Ed.], Appeal and Error, § 488.)

Being cognizant of the mentioned rule we will consider plaintiff's evidence consisting of some fifty pages of the abstract and a number of exhibits. No useful purpose would be served by narrating all of the testimony. Witness Burrow stated that he obtained a $30 loan from the defendants upon which he was required to repay $42 in eight payments of $5.25 each, and also a loan of $50 upon which he was required to repay $68 in payments of $8.50 each two weeks. Witness Myers testified that he obtained a $50 loan from the defendants upon which he was to repay $66 in weekly payments of $5.50 each. Witness DeFore testified that he obtained a loan from the defendants of $50 upon which he was required to repay $66 in monthly payments of $22 each. The defendant, L. W. Redmond, was called as a witness for the plaintiff, and testified concerning the various transactions, which evidence tends to corroborate that of the other witnesses for the plaintiff, concerning the terms of their loans. The court had before it the written instruments and records of the defendants to verify the loans of the respective witnesses and, in addition, plaintiff called Professor Read, head of the Mathematics Department of the University of Wichita, to testify concerning the amount of interest that would be paid to

and collected by the defendants in the various transactions. He testified that the loan of $50 upon which the borrower would repay $66 in three months of $22 each month was equivalent to 15 percent per month, or 180 percent per year, but because of the effect of compounding monthly, would amount to 435 percent per year. The loan of $30 upon which the borrower would repay $42 in payments of $5.25 each two weeks in eight payments, amounted to between 8 and 9½ percent for each two-week period, and without the effect of compounding interest would result in between 212 to 250 percent on a yearly basis. The loan of $50 where the borrower was to repay $68 over a 16-week period of $8.50 each two weeks, would amount to a rate of interest of from 7 to 11 percent for each two-week period, and without the effect of compound interest resulted in 192 to slightly over 300 percent per year. Without further detailing the facts, we are of the opinion they were sufficient to make out a prima facie case and the trial court properly overruled defendants' demurrer thereto.

It is here noted that defendants filed no motion for a new trial in the district court. Their four remaining specifications of error relate to mere trial errors.

We have decided many times that in the absence of a motion for new trial, mere trial errors are not open for appellate review. These include rulings of the trial court on the admission, exclusion, or sufficiency of evidence, and our reports are laden with decisions supporting this rule. (*Union Nat'l Bank v. Fruits,* 124 Kan. 440, 260 Pac. 638; *Morgan v. Morgan,* 146 Kan. 880, 73 P. 2d 1105; *Billups v. American Surety Co.,* 173 Kan. 646, 652, 251 P. 2d 237, and other decisions may be found in West's Kansas Digest, Appeal and Error, § 281; I Hatcher's Kansas Digest [Rev. Ed.], Appeal and Error, §§ 366, 372.) It is well settled that in the absence of a motion for new trial, the questions which this court can consider are only those which arise upon the pleadings and upon the facts found, and where no motion for a new trial is filed, review on appeal is limited to the question whether the judgment is supported by the pleadings and findings of fact, and inquiry will not be made as to whether the evidence supports the findings of fact. (*Jelinek v. Jelinek,* 161 Kan. 362, 168 P. 2d 547.) The record before us, therefore, presents no further legal question for our determination.

The judgment of the lower court is affirmed.