No. 40,118

MAX BREWER and RALPH BREWER, doing business as BREWER BROS. IMPLEMENT COMPANY, *Appellees,* v. HEARNE MOTOR FREIGHT LINES, INC., *Appellant,* and THE SANTA FE TRAIL TRANSPORTATION COMPANY, *Defendant.*

(297 P. 2d 1108)

Opinion filed June 9, 1956.

*John William Wood,* of Liberal, argued the cause, and *Grover L. Bryan,* also of Liberal, was with him on the briefs for the appellant.

*D. O. Concannon,* of Hugoton, argued the cause, and was on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action originally commenced by plaintiffs on March 10, 1954, to recover damages from Hearne Motor Freight Lines, Inc., hereafter referred to as Hearne, for failure to deliver goods being transported by it as a common carrier. On some date not disclosed by the abstract, Santa Fe Trail Transportation Company was made a party defendant, but at the trial, judgment was rendered in its favor, no party complains and it will not be noticed further. At the trial, judgment was rendered in favor of plaintiffs against Hearne and Hearne appeals.

On November 16, 1954, plaintiff filed an amended petition alleging that Hearne operated as a motor carrier within Stevens county; that on August 20, 1951, Texas-Oklahoma Motor Freight Company received certain property in the regular course of business consigned to plaintiffs by Windpower Manufacturing Company of Newton, Iowa, of the value of $790.64 and subsequent to that date Hearne purchased the Texas-Oklahoma Motor Freight Company and assumed all of its liabilities; that on August 19, 1951, plaintiffs received notice from a bank in Hugoton that the bank had received a sight draft and bill of lading from the above manufacturing company for two cultivators in the amount of $790.64 and plaintiffs paid the draft and received the bill of lading; that on August 25, 1951, plaintiffs received a copy of a letter from Knaus Truck Lines to Des Moines Transportation Company, advising that the shipment was not complete as to number of pieces called for by the bill of lading; that plaintiffs contacted Hearne and were informed the balance of the shipment had not been delivered to it, and on October 9, 1951, plaintiffs filed a loss and damage claim in the amount of $789.64 (the discrepancy between this amount and the amount sought and received is not explained or complained of); that on October 23, 1951, Hearne's agent informed plaintiffs he had their shipment, that some parts were missing but Hearne had to offer delivery, but if delivery were accepted, Hearne would do nothing

further toward completing the shipment after receiving the bill of lading; that plaintiffs were not aware of the nature and extent of the loss and Hearne was unable to clarify; that the shipment was never in sight and presence of plaintiffs, was never physically tendered to them and was never delivered to them; that the shipment was of no value if parts were missing therefrom, and that defendant failed and neglected to deliver the property to plaintiffs within a reasonable time. Attached to the amended petition were copies of the bill of lading, the sight draft, of the claim filed and of some correspondence. These show the original bill of lading called for two cultivators in 38 packages, bundles or bales and that the shipment was short two packages. Plaintiffs prayed for judgment for the sum of $790.64 and interest.

Hearne's answer alleged the Texas-Oklahoma Motor Freight Lines received the shipment consigned to plaintiffs from the Santa Fe Trail Transportation Company on August 20, 1951, and the shipment was 26 pieces short, and that subsequently twenty-four more pieces were received but the remaining two cartons were never received by Texas-Oklahoma Motor Freight Lines; that the latter company tendered to plaintiffs all goods received by it from Santa Fe Trail Transportation Company but plaintiffs refused to pay the freight or deliver the bill of lading properly endorsed because of the shortage of the two cartons; that plaintiffs' refusal was wrongful and Texas-Oklahoma Motor Freight Lines returned the shipment to its depot in Liberal. Hearne also alleged that plaintiffs left the goods in the depot for longer than a reasonable time; that the goods were damaged by fire on February 2, 1953; that plaintiffs did not exercise diligence in removal of the goods and Hearne was liable only as a warehouseman; that the fire was not caused by its negligence and it was still willing to deliver the remaining goods in their present condition.

Plaintiffs' reply denied all new matter in the answer.

Trial was had by the court and on September 3, 1955, the trial court found generally for the plaintiffs and against Hearne and rendered a judgment for $790.64 and interest from September 3, 1955, at six percent and for attorney fees in the sum of $200.00. On September 26, 1955, Hearne perfected its appeal from the above judgment and from all other mesne and final orders adverse to it made by the trial court.

Appellant specifies error in six particulars which, briefly stated,

are that the trial court erred: (1) In overruling its demurrer to plaintiffs' evidence; (2) in giving judgment when the only question was whether appellees had a right to refuse tender of the goods because there was a shortage; (3) in not giving judgment to appellant as the uncontroverted evidence showed it was not the appellant's fault which caused appellees' loss; (4) in rendering judgment for the reason appellant, as a warehouseman, was liable only for its gross negligence, and there was no such evidence; (5) in holding appellant was negligent in not more promptly adjusting the claim, and that appellant, as a warehouseman, had a duty to settle the claim; and (6) in allowing attorney fees as the court placed liability upon appellant as a warehouseman and G. S. 1949, 66-305, provides only for attorney fees against carriers.

Appellees' motion that the appeal be dismissed for reasons later mentioned was denied by this court on March 30, 1956, with permission to renew on the hearing of the appeal and appellees have presented the matter in their brief. They first contend that as appellant did not appeal within two months from the ruling on its demurrer to plaintiffs' evidence, the time has expired and it may not now be heard, citing *Hilliard v. Southern Kansas Stage Lines Co.*, 146 Kan. 288, 70 P. 2d 28, which was decided in December of 1937. The ruling on the demurrer in that case was made on March 10, 1936. In 1937 the code of civil procedure was amended to provide that when a party appeals after a final judgment the fact that some ruling of which he complains was made more than two months before he perfected his appeal shall not prevent a review of the ruling (G. S. 1949, 60-3314a) and the last section was further amended in 1951 to provide that when an appeal has been timely perfected the fact that some ruling of which the appealing party complains was made more than two months before he perfected his appeal shall not prevent a review of the ruling (G. S. 1955 Supp., 60-3314a). Without further comment, we are of opinion that under *Holmes v. Kalbach,* 173 Kan. 736, 252 P. 2d 603, the appellant is entitled to present for review the ruling on its demurrer to appellees' evidence. See also *Western Shale Products Co. v. City of Fort Scott*, 175 Kan. 643, 266 P. 2d 327.

Appellees also urge that as appellant filed no motion for a new trial, it is not entitled to be heard on those of its specifications which deal with trial errors, and our attention is directed, *inter alia,* to *State, ex rel., v. Miller,* 176 Kan. 175, 268 P. 2d 964, where it was said:

"We have decided many times that in the absence of a motion for new trial, mere trial errors are not open for appellate review. These include rulings of the trial court on the admission, exclusion, or sufficiency of evidence, and our reports are laden with decisions supporting this rule. (*Union Nat'l Bank v. Fruits*, 124 Kan. 440, 260 Pac. 638; *Morgan v. Morgan*, 146 Kan. 880, 73 P. 2d 1105; *Billups v. American Surety Co.*, 173 Kan. 646, 652, 251 P. 2d 237, and other decisions may be found in West's Kansas Digest, Appeal and Error, § 281; I Hatcher's Kansas Digest [Rev. Ed.], Appeal and Error, §§ 366, 372.) It is well settled that in the absence of a motion for new trial, the questions which this court can consider are only those which arise upon the pleadings and upon the facts found, and where no motion for a new trial is filed, review on appeal is limited to the question whether the judgment is supported by the pleadings and findings of fact, and inquiry will not be made as to whether the evidence supports the findings of fact. (*Jelinek v. Jelinek*, 161 Kan. 362, 168 P. 2d 547.)"

The rules stated will be observed hereafter.

In connection with its contention the trial court erred in overruling its demurrer to appellees' evidence, appellant recognizes the rule that in such a case we do not weigh evidence nor compare contradictory testimony, but accept all evidence as true, and that we consider only the portions of the evidence and all reasonable inferences therefrom favorable to the party adducing the evidence, citing *Brennan v. Kaw Construction Co.*, 176 Kan. 465, 467, 271 P. 2d 253.

In a summary way the plaintiffs' evidence disclosed that they had ordered two rotary hoes or cultivators from Windpower Manufacturing Company of Newton, Iowa, in July, 1951; that such machines are broken down into sections for shipping; that they had notice the goods were shipped when notified by the Hugoton bank in August, 1951, the bank had a sight draft with bill of lading attached; that they paid the draft and received the bill of lading; the bill of lading showed the shipment of thirty-eight pieces of frames, bundles and cartons; that the goods had not been delivered on October 9, 1951, when plaintiffs delivered to the defendant company their presentation of loss and claim for damages in the total amount of $789.64; that about October 23, 1951, defendant's driver told Max Brewer he had a shipment and when asked the driver said he had some cultivators; that some pieces were missing, and when Brewer asked him what he should do, the driver recommended he refuse the shipment because if the transportation company had the original bill of lading it was almost impossible to get them to do anything about the loss. Other testimony showed that with parts missing the remainder of the merchandise was worthless;

Brewer testified the machines were ordered for the fall business but were worthless unless complete and that he did not know the exact parts missing until about one year after the claim for damages was filed. After the demurrer of defendant had been interposed and overruled, plaintiffs called as a witness the general claim agent of the defendant who testified as to defendant succeeding Texas-Oklahoma Motor Freight Lines and identified a number of letters, copies of a part of which had been sent plaintiffs, written between August 21, 1951, and June 1, 1953, and dealing generally with defendant's efforts to get the Newton, Iowa, company and various intermediary carriers to settle with plaintiffs. The last letter was one written by the defendant to Max Brewer under date of June 24, 1953, which referred to the entire chain of letters and telephone conversations, stated that due to the fact the loss was on a carrier other than defendant it could not pay until the responsible carrier had issued its check; that the shipper or the consignee could not abandon a shipment due to loss unless the loss rendered the merchandise worthless and that the loss of bolts did not render the shipment worthless; that it was liable only for the missing parts; that it held the shipment only as a warehouseman, and that taking all things into consideration, it believed plaintiffs should accept the shipment and permit it to issue plaintiffs a check for $35 to cover the missing parts.

Notwithstanding its recognition of the rule above noted, appellant directs attention to evidence it deems favorable thereto, and argues that the failure to deliver all of the pieces, bales, bundles and cartons called for by the bill of lading did not render the remaining parts worthless and on that basis argues that the plaintiffs' refusal to accept the parts of the shipment, which it says it offered to deliver, was wrongful as a matter of law, and therefore no cause of action was proved. We cannot agree.

At the trial no request was made that the trial court make conclusions of fact and it did not do so. Instead it found generally for the plaintiffs and against the defendant, which included a finding that the shipment, with parts thereof missing, rendered the shipment worthless. Appellant does not contend that in such circumstance it was not liable. It does contend that the evidence does not justify such a conclusion and directs our attention to portions of the evidence tending to show that appellees had no right to reject the shipment even though parts thereof were missing and

it directs our attention to authorities as to reciprocal duties between shipper, consignee and carrier. Appellant, however, filed no motion for a new trial. If the trial court erred in its conclusions as to what the evidence disclosed, a motion for a new trial should have been filed and presented in order that the trial court be given an opportunity to correct its error, if one was made. Under the circumstances here, the contention made is not subject to review.

With the exception of attorney fees, later mentioned, the remainder of appellant's contentions deal with its liability as a warehouseman after, as it contends, the appellees' wrongful refusal to accept the shipment. In making its argument, appellant asserts and reasserts the trial court held it was liable as a warehouseman, and as such it was bound only to exercise ordinary care in preserving the merchandise and that there was no evidence it did not exercise such care. We have carefully examined the record as abstracted and we find no ground whatever to support the statement the court had held the appellant was liable as a warehouseman, or that it had any duty as a warehouseman to settle the claim and complete delivery. It is true appellant urged its liability was only that of a warehouseman, but the trial court's finding must now be construed as a finding that the failure of appellant to deliver the whole and entire shipment to appellees made the portion which appellant says it tendered to appellees, worthless to them. If that be true, appellant could not by the device of calling itself a warehouseman, alter its liability. Appellant's contention that its liability was only that of a warehouseman and the evidence failed to show liability in that circumstance, cannot be sustained.

Appellant's final agrument that the trial court erred in allowing attorney fees is that there was no showing of its negligence as a carrier; that the trial court had found that when acting as a warehouseman it was negligent, and that attorney fees are allowable only against carriers, under G. S. 1949, 66-305. What has been said heretofore must suffice to show the premise for the contention is not sound. No complaint is made as to the amount of the allowance of attorney fee. Under the circumstances heretofore mentioned in this opinion, we hold the allowance made was proper under the last cited statute.

The judgment of the trial court is affirmed.