## BRUCE McNALLY v. L. W. KEPLINGER.

NEW TRIAL; *Motion Not Made and Overruled.* An objection to a judgment of the district court that it is not supported by the evidence cannot be considered or sustained by the supreme court, unless a motion for a new trial, founded on that ground, has been made and overruled in the district court.

*Error from Allen District Court.*

THE opinion states the case.

*Johnson, Martin & Keeler*, for plaintiff in error.

*L. W. Keplinger*, defendant in error, for himself.

The opinion of the court was delivered by

JOHNSTON, J.: By this proceeding Bruce McNally seeks to obtain a reversal of a judgment rendered in favor of L. W. Keplinger by the district court of Allen county, at its June term, 1885. The action was for the recovery of the northeast quarter of section six, in township twenty-six, range twenty-one, situate in Allen county, alleged to be in the wrongful possession of McNally, as well as for $250 as damages for the unlawful detention of possession; and Keplinger prevailed. McNally asserts a single ground for a reversal, which in effect is, that the evidence is insufficient to sustain the allegations of the petition and the judgment that was given. We cannot consider the question raised, because the plaintiff in error has not placed himself in a position to be entitled to a review of the same. He has never made or filed a motion in the district court asking for a new trial for that or any other reason. It has long and frequently been held that, to reverse a judgment on the ground stated, a proper motion for a new trial, founded upon that ground, must have been made and overruled. (*Nesbit v. Hines*, 17 Kas. 316; *Rice v. Harvey*, 19 id. 144; *Fowler v. Young*, 19 id. 150; *Lucas v. Sturr*, 21 id. 480; *City of Atchison v. Byrnes*, 22 id. 65; *Holland v. Mudenger*, 22 id. 731; *Gruble v. Ryus*, 23 id. 195; *Pratt v. Kelley*, 24 id. 111; *Clark v. Imbrie*, 25 id. 424; *Kerner v. Petigo*, 25 id. 652; *Mills v. Kansas Lumber Co.*, 26 id. 576; *Hover v. Tenney*, 27 id. 133; *Decker v. House*, 30 id. 614.)

The judgment rendered is warranted under the pleadings, and as no error appears, it must be affirmed.

All the Justices concurring.