THE PHELPS & BIGELOW WINDMILL COMPANY v. A. BUCHANAN.

1. APPARENT ERROR—*Review*—*New Trial.* When error is apparent in the final judgment, the case may be reviewed in this court without a motion for a new trial.

2. - · —— Where there is a conflict between the general and special verdicts, the latter must prevail.

3. JUDGMENT *on Special Findings and Pleadings.* The record in this case examined; and *held,* that the motion of the plaintiff for judgment on the special findings of the jury and the pleadings in the case should have been sustained, and judgment entered in favor of the plaintiff for the full amount of its claim.

*Error from Crawford District Court.*

THE case is stated in the opinion.     Judgment for the plaintiff *Company,* on September 15, 1888, for $98.44.     It brings the case to this court.

*D. B. Van Syckel,* for plaintiff in error.

*John T. Voss,* for defendant in error.

Opinion by STRANG, C.: November 7, 1887, the plaintiff company commenced its action in the district court of Crawford county, to foreclose a lien and recover the value of a certain windmill furnished and erected by the plaintiff upon the land of the defendant.     The amount claimed was $221.28. Defendant alleges in his answer that the windmill entirely failed to perform the services for which it was erected, and that there was therefore no consideration for the claim sued

on.    Plaintiff replied by a general denial.    The case was tried by the court and a jury, which rendered a general verdict for the plaintiff for $98.44, and also made the following special findings of fact:

"Ques. 1.  Did the windmill placed on A. Buchanan's premises work well for a period of 30 days after November 24, 1886 ?    Ans. Did not.

"Q. 2.  Did the defendant, A. Buchanan, notify plaintiff, December 12, 1886, (or within 30 days from November 24, 1886,) that said windmill did not work well?    A. Yes, he did.

"Q. 3.  If yea, did plaintiff fix, or cause to be fixed, said windmill after receiving said notice, and within 30 days after receiving said notice ?    A. Yes, it did.

"Q. 4.  Did plaintiff or its agents 'remedy the defects' in said windmill within 30 days (if there were any such defects), so that said windmill would run well ?    A. Yes.

"Q. 5.  Was the order [set out in plaintiff's petition] presented to defendant, A. Buchanan, prior to the commencement of this action by the plaintiff herein ?    A. Yes.

"Q. 6.  Did the defendant, A. Buchanan, refuse to execute notes mentioned in plaintiff's petition prior to the commencement of this action ?    If so, why ?    A. He did, because he claimed the mill did not work well.

"Q. 7.  Did defendant, A. Buchanan, fail and neglect to execute said notes after he had been requested to do so by the plaintiff?    If so, why ?    A. He did, because he claimed the mill would not work well.

"Q. 8.  Was said mill built according to the contract set out in plaintiff's petition ?    A. Yes, in its material construction."

The plaintiff, ignoring the general verdict, moved the court for judgment on the special verdict for the amount of its claim, as shown in its petition.    The court sustained the motion for judgment on the findings, to the extent of the amount returned by the jury in the general verdict, which was a practical denial of the motion of the plaintiff.

No motion for new trial was filed, but the plaintiff comes to this court and alleges that the court below erred in not sustaining its motion for the full amount of its claim.    The defendant says this case cannot be reviewed by this court, because

the plaintiff filed no motion for new trial.   We think the error, if any there is, is apparent upon the face of the judgment, and therefore no motion for a new trial was necessary to a review of the question here. (*Lender v. Caldwell,* 4 Kas. 339; *Dutton v. Hobson,* 7 id. 196; *Sawyer v. Bryson,* 10 id. 199; *Coburn v. Weed,* 12 id. 146; *Stapleton v. Orr,* 43 id. 170.) Was there any error committed in this case by the trial court? The petition in the case alleged that the defendant was indebted to the plaintiff upon a written order for a windmill and fixtures, and the erection of the same, in the sum of $221.28.   The defendant, in his answer, admitted the execution of the order sued on, but claimed the mill failed to perform the work for which it was erected, and was therefore useless and of no value.   The jury in the general verdict, say they find the issues in favor of the plaintiff and against the defendant, and then assess the amount of the plaintiff's recovery at $98.44.   This verdict carries with it a finding in the plaintiff's favor upon all questions at issue, except, perhaps, as to the value of the mill erected.   The order admitted to have been executed by the defendant expressly fixes the value of the improvement, the mill and fixtures, at $221.28. It is true the order required the company, upon notice within 30 days of the failure of the mill to work well, to make it so work.   The jury found specially that the mill was constructed in accordance with the terms of the contract, and that, while the mill did not work well at first, the company, upon notice, remedied the defects therein, after which it did work well. Considering the pleadings in the case and these findings together, we think the plaintiff was entitled to a judgment for the full amount of its claim, and that the refusal of the court to sustain the plaintiff's motion for judgment in such amount was error.

It is therefore recommended that the district court be directed to modify its judgment, so as to give the plaintiff judgment for the full amount of its claim, and a foreclosure of its lien.

By the Court: It is so ordered.

All the Justices concurring.