Weaver v. City of Cherryvale.

---

No. 21,303.

FIDELLA WEAVER (Revived in the name of ED WEAVER, her Administrator), *Appellee and Appellant,* v. THE CITY OF CHERRYVALE, *Appellant and Appellee.*

### SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Findings—Contributory Negligence.* In an action against a city for injuries sustained by a pedestrian striking her foot against the end of a plank, which at a street corner extended from the pavement to a curb at the edge of the sidewalk, it is held that the plaintiff, in whose favor a general verdict has been returned, cannot be said as a matter of law to be convicted of contributory negligence by findings that she was familiar with the conditions, knew the plank was there, and by the exercise of ordinary care could have seen it immediately before reaching it.

2. SAME—*New Trial—Granted at Succeeding Term—Error.* Where at a subsequent term the court granted a new trial because of such findings, no motion therefor having been filed by either party, such ruling is reversible on appeal.

3. SAME—*Sufficiency of Evidence.* The question of the sufficiency of the evidence, while not presented by a motion for a new trial, held to be involved in the decision on the effect of the findings.

Appeal from Montgomery district court; J. W. HOLDREN, judge. Opinion filed February 9, 1918. Affirmed in part and reversed in part.

*J. A. Brady,* city attorney, and *Chester Stevens,* of Independence, for the appellant.

*Walter L. McVey,* of Independence, and *Sullivan Lomax,* of Cherryvale, for the appellee.

The opinion of the court was delivered by

MASON, J.: Fidella Weaver was injured while walking along a street in Cherryvale, by a fall caused by a plank on a sidewalk. She brought an action against the city, and in May, 1916, obtained a verdict for $675, on which judgment was at once rendered. The defendant filed a motion for a new trial and also a motion for judgment in its favor on certain special findings. At a subsequent term of the court, in December, 1916, the motion for a new trial was withdrawn, and, after a hearing upon the motion for judgment on the findings, the court set aside the first judgment "because of the special findings," and ordered a new trial. The plaintiff died after the first judgment, and a revivor was had in the name of her administrator. The defendant appeals from the ordering of a new trial and contends that judgment in its favor should have been rendered on the findings. The plaintiff asks that the order for a new trial be reversed and that the judgment on the general verdict be allowed to stand.

A motion has been filed to dismiss the appeal on the ground that it was not taken within six months from the time the original judgment was rendered. The appeal is taken, however, not from that judgment, but from the orders made at the subsequent term, and was perfected in due time.

1. The plank appears to have been placed so as to form a sort of bridge over a gutter—a substitute for a culvert—used as a part of the west end of the south crossing of a street intersection. From its east end, which rested on the pavement of the north-and-south street, it extended to the west, over the curb and lengthwise along the east-and-west sidewalk. Pedestrians were required, unless they used the plank, to step up or down as they passed from the walk to the crossing. The plaintiff approached the plank from the west, and her fall was occasioned by her foot striking the end of the plank. The findings that are regarded by the defendant as inconsistent with the verdict are, that prior to her injury the plaintiff knew the plank was in use at the place referred to and was familiar with the condition of the pavement, curb, and sidewalk there; and that by the exercise of ordinary care and prudence she could have seen the plank immediately before she reached it. On

the one hand, it is said that "A person who in the lawful use of a highway meets with an obstacle, or defect therein, may yet proceed if it is consistent with reasonable care so to do, even though he thereby incurs some risk, and the fact that he sees or knows of the obstruction or defect and knows its dangerous character, is not conclusive proof that he was negligent in attempting to pass it, and does not preclude a recovery for injuries sustained by him in the attempt, provided he exercised due care" (13 R. C. L. 475) ; and on the other hand, that "If he knows of an obstruction, and knows that by the exercise of ordinary care he can avoid striking it while traveling along the street, his act in striking it is, *per se,* contributory negligence." (13 R. C. L. 477.) The findings are of course to be given a construction that supports rather than one that tends, to overthrow the general verdict, where there is room for interpretation. The finding that the plaintiff could have seen the plank by the exercise of ordinary care seems intended to express the idea that if she had made an effort to see it she would have been able to do so by the use of only ordinary care, rather than that, if she did not see it, it was because she was not exercising reasonable prudence. The statement is that she *could* have seen the plank by the exercise of ordinary care —not that she *would* have seen it if she had been exercising ordinary care. The jury also found that the street at the place in question was not lighted in the proper way, and that the city was guilty of "dilatory neglect" in leaving the plank on the crossing. The general verdict amounts to a finding that the plaintiff did use due care for her own protection, except so far as the special findings affirmatively show the contrary. We think that although she was familiar with the conditions existing, knew of the use being made of the plank, and could have seen it if she had looked for it, she could not on that account be held guilty of contributory negligence as a matter of law. The question whether she failed to exercise due diligence under all the circumstances shown by the findings and evidence, as well as the question whether the city had been negligent, was one of fact to be determined by the jury.

2. While the trial court did not give judgment for the defendant, but merely ordered a new trial, the record affirmatively shows that this action was taken because of the special

findings. It is at least doubtful whether at a subseuent term of court, in the absence of a motion therefor by either party, a new trial could be granted. Certainly that could be done only under exceptional circumstances. But, in any event, the action taken was based upon the view that the findings were inconsistent with the verdict. This conclusion involved a pure question of law, which is fairly debatable and not free from doubt; but as this court is of the opinion that there was no conflict between the findings and verdict, it follows that the original judgment should be permitted to stand.

3. It is suggested that the evidence was insufficient to support the verdict. That is a question that could be properly raised only by a motion for a new trial. However, substantially the same question is involved in the determination of the effect of the special findings. We think the situation justified submitting to the jury the question of the negligence of each of the parties, and that their decision should be given effect.

The refusal to render judgment on the special findings is affirmed, the order granting a new trial is reversed, and the cause is remanded, with directions to render judgment for the plaintiff upon the verdict.