No. 33,558

Mabel Morgan, *Appellee,* v. H. M. Morgan, *Appellant.*

(73 P. 2d 1105)

Opinion filed December 11, 1937.

*William H. Towers* and *Myles C. Stevens,* both of Kansas City, for the appellant.

*Lee Judy,* of Kansas City, for the appellee.

The opinion of the court was delivered by

Dawson, C. J.: This is an appeal from a judgment in favor of plaintiff wherein she received a decree of divorce, the custody of a child, and an award of "alimony to plaintiff for support of child, $25 monthly." The trial court also made allowances of fees for plaintiff's attorney and for defendant's attorney, but these allowances are not complained of. Dissatisfied with this judgment, the defendant brings the case here for review.

At the outset this court has difficulty in discovering anything complained of in this record to lay hold of for review. There was no motion for a new trial filed in the district court. In such circumstances, how stands this appeal?

It has been decided many times that in the absence of a motion for a new trial, mere trial errors are not open to appellate review. These include rulings of the trial court on dilatory pleas, orders setting the cause for trial, denial of additional time to plead, the admission or exclusion of evidence, the sufficiency of evidence, erroneous instructions to the jury, misconduct of court or counsel, and the general miscellaneous irregularities of procedure and practice for which new trials may be granted by the trial court on a timely motion of the defeated litigants. Our reports are laden with decisions supporting this rule. Thus in the early case of *Nesbit v. Hines,* 17 Kan. 316, it was held that errors in the admission or re-

jection of evidence, or in the instructions to the jury, were not reviewable because no motion for a new trial was filed within the time allowed by the code. In another case, *Fowler v. Young,* 19 Kan. 150, decided sixty years ago, it was said:

"In a case tried before a jury, a motion for a new trial must be filed within three days from the incoming of the verdict (unless good reason be shown for the delay), or errors alleged in the progress of the trial in the admission of evidence, etc., will be deemed to have been waived." (Syl. ¶ 2.)

In *City of Atchison v. Byrnes,* 22 Kan. 65, the first two paragraphs of the syllabus read:

"The rule adopted in *Nesbit v. Hines,* 17 Kan. 316, that any matter for which a new trial may be granted is waived by the neglect of the party to move for a new trial, approved.

"The failure to except to the overruling of a motion for a new trial is a waiver of error as to such ruling, and all alleged errors of law occurring at the trial, for which a new trial might be granted."

In *Gamble v. Hodges,* 17 Kan. 24, the syllabus reads:

"Where the only assignment of error is, that the judgment was given for the defendant when it ought to have been given for the plaintiff, and the findings are sufficient to sustain the judgment, and seem to be correct, and no motion was made to set aside the findings, or for a new trial, and no exceptions were taken by the plaintiff to any ruling, finding or decision made in the case, the judgment of the court below must be affirmed."

That this simple prerequisite to an appellate review announced two generations ago is still the law, a few of the many more recent cases may be cited. (*Comerford v. Groves,* 103 Kan. 823, 177 Pac. 358; *Benson v. Rosebaugh,* 128 Kan. 357, 278 Pac. 41; *Willt v. Feikert,* 139 Kan. 22, 29 P. 2d 1078; *Lake Superior Lbr. Co. v. Homestead B. & L. Ass'n,* 139 Kan. 565, 32 P. 2d 202; *McKinney v. Sackett,* 144 Kan. 290, 58 P. 2d 1121; *Brown v. Brown,* 146 Kan. 7, 10, 68 P. 2d 1105.)

Among defendant's specifications of error which are thus excluded from present consideration because of the rule above stated, are his complaint that he was forced to trial without a reasonable opportunity to defend, the trial court's finding that the allegations of plaintiff's petition were true, the finding that plaintiff had been a bona fide resident of Kansas for more than a year next preceding the filing of her petition herein, defendant's objections to the court's interlocutory orders for the payment of alimony and suit money, and—

"In finding that the defendant was guilty of extreme cruelty; gross neglect of duty; and had been convicted of a felony and imprisoned therefor, subsequent to the marriage of the parties hereto."

In the absence of a motion for a new trial, the scope of the appellate review is limited to the question whether the judgment is supported by the pleadings and findings. (*Windmill Co. v. Buchanan*, 46 Kan. 314, 26 Pac. 708; *Benson v. Rosebaugh*, 128 Kan. 357, 278 Pac. 41.)

Looking, therefore, into the pleadings, the petition clearly and sufficiently alleged her residence in Wyandotte county, her marriage to defendant, his residence in Texas, the birth of a child as the issue of that marriage, the faithful performance of all her wifely duties, and alleged various delinquencies of defendant within the scope of our statute (G. S. 1935, 60-1501)—particularly extreme cruelty, gross neglect of duty, and his conviction of a felony and imprisonment therefor. She also alleged her fitness to have the custody of the four-year-old child born of the marriage. Her prayer was for a divorce, the custody of the child, and for equitable relief.

Defendant's answer contained a general denial, and an allegation that he and plaintiff had lived together as husband and wife for more than three years after he received a pardon for his crime.

On the issues thus defined the trial court found that defendant had been lawfully summoned, that all the material allegations of plaintiff's petition were true and that she was entitled to judgment as prayed for, which was accordingly entered in her behalf. In these proceedings no shadow of error open to our review appears, and the judgment is therefore affirmed.