No. 35,181

The National Bank of Topeka et al., *Appellants*, v. J. N. Mitchell et al. (First National Bank and Trust Company of Oklahoma City, Okla., Executor of the Estate of S. A. Apple, Deceased, *Appellee.*)

(118 P. 2d 519)

Opinion filed November 8, 1941.

*Clayton E. Kline, M. F. Cosgrove, Balfour S. Jeffrey, Robert E. Russell, John S. Dean, Barton E. Griffith,* all of Topeka, *James S. Twyford* and *Solon W. Smith,* both of Oklahoma City, Okla., for the appellants.

*Edward Rooney, Jacob A. Dickinson,* both of Topeka, *F. A. Rittenhouse, John F. Webster, Walter D. Hanson, O. R. Rittenhouse* and *Mart Brown,* all of Oklahoma City, Okla., for the appellee.

The opinion of the court was delivered by

Hoch, J.: This appeal presents a question of jurisdiction. A civil action for damages was begun against a nonresident by attachment of property in this state with service of summons by publication. After motions of the defendant attacking the validity of the attachment and the service were overruled he filed a general demurrer. While the action was pending the defendant died and an executor was named in Oklahoma to administer his estate in that state. Sometime thereafter the plaintiffs sought to revive the action

as against the Oklahoma executor. At the time of his death the defendant had no property in this state and there was none here belonging to his estate when the revivor was sought. The trial court held it had no jurisdiction to revive the action, and plaintiffs appeal.

There were many pleadings and procedural steps, but the situation may be sufficiently presented by brief recital.

In June, 1933, appellants entered into a contract with one S. A. Apple and others for the exchange of 1,164 shares of insurance company stock for Oklahoma improvement bonds having a par value of $203,000. The contract gave appellants an option to surrender a part of the improvement bonds, having a par value of $97,000, together with $3,000 in cash, and to receive in return bonds of the Hays Hotel Company having a par value of $100,000. The exchange of insurance company shares for the Oklahoma bonds was made. The shares appear to have been delivered to one Mitchell, then living in Topeka, as trustee for Apple and other co-parties to the contract. From here on we need be concerned only with the story as it relates to Apple.

Sometime in 1934 appellants filed an action in Shawnee county for breach of the contract, on the ground that defendants had refused to honor the option clause and exchange Hays Hotel Company bonds for the Oklahoma bonds. They asked damages in the sum of $87,300.

Apple was a resident of Oklahoma. The shares of stock held by Mitchell as trustee were attached on April 13, 1934, and service of summons upon Apple was by publication. Apple entered special appearance by motions to quash and to dissolve, attacking the validity of the service and the attachment. The motions were overruled. To an amended petition Apple filed a general demurrer which was overruled on February 25, 1936. On June 3, 1936, Apple filed his separate answer "appearing specially" reserving the question of jurisdiction. For reasons undisclosed by the record, the action was not further prosecuted during the lifetime of Apple. On December 3, 1939, Apple died, having at no time been a resident of Kansas. At the time of his death he had no property in Kansas. On February 19, 1940, appellants filed a motion to revive the action and to substitute as a defendant the First National Bank and Trust Company of Oklahoma City, which had been named executor of Apple's estate in Oklahoma. It is agreed there was no property in Kansas belonging to the estate.

On March 23, 1940, the Oklahoma executor entered a special appearance, asserted that the court was without jurisdiction and objected to revivor. The objections were overruled and the action ordered revived on March 23, 1940. No appeal was taken from this order of revivor, but on April 30, 1940, the appellants filed a second amended petition, and again the appellee appeared specially, asserting no jurisdiction. It also answered, protecting in the answer its plea of nonjurisdiction.

The action came on for trial on December 3, 1940. Appellee objected to the introduction of evidence—again on the ground that the court was without jurisdiction. From the order sustaining the objection this appeal was taken.

First, as to the action against Apple. Appellants contend that his general demurrer amounted to a general appearance. While appellee opposes this contention, it submits no argument or authorities on the question and we shall here treat Apple's demurrer as a general appearance.

Appellee objected to the introduction of evidence for the following reasons:

"(1) That the court is without jurisdiction to determine the issues involved in this action.

"(2) That under section 1, article 4, of the constitution of the United States, full faith and credit must be given to the orders and decrees, jurisdiction and power of the county court of Oklahoma county, Oklahoma, in the matter of the handling of the estate of S. A. Apple, deceased.

"(3) That the letters of administration issued to the First National Bank and Trust Company of Oklahoma City, as executor under the will of S. A. Apple, deceased, conferred no power or powers upon said executor beyond the limits of the state of Oklahoma, and this court cannot, by service by publication, or otherwise, bring said executor before this court.

"(4) That no ancillary proceedings in the matter of the estate of S. A. Apple, deceased, have been instituted in Shawnee county, Kansas, or in any other county in the state of Kansas, and that only through ancillary proceedings could the cause of action, if any, which was pending against S. A. Apple prior to his death, be revived by this court. That the court was without jurisdiction to revive this action against the Oklahoma executor."

It is not contended that the action is one which would abate under G. S. 1935, 60-3202, or that the action might not be revived, as to residents, under G. S. 1935, 60-3207. Appellee does not contend that the procedure provided for revivor by G. S. 1935, 60-3211, was not followed, nor does it question the validity of G. S. 1939 Supp. 59-1708, which provides:

"A fiduciary duly appointed in any other state or country may sue or be sued in any court in this state, in his capacity of fiduciary, in like manner and under like restrictions as a nonresident may sue or be sued."

As to the latter section, appellee contends that the same conditions and limitations pertaining to service—applicable to foreign fiduciaries in like manner as to nonresidents generally—apply where revivor is sought the same as to original service.

Appellants rely largely upon the fact that the revivor section (60-3211) is without qualification in its terms—that it makes no exception for the case of nonresidents. Their position is that service having been secured upon Apple in his lifetime, the action could be revived by publication as readily against a nonresident as against a resident executor, and that it is not necessary that there be property subject to attachment at the time of revivor.

The issue here, while enmeshed in discussion of particular statutes, involves a simple and fundamental principle of state jurisdiction. On that basis the question can, we think, be readily resolved. But we must first take note of appellants' argument on a preliminary question.

Appellants first contend that objection to the introduction of evidence was not made in time. Their theory apparently is that the order of revivor entered on March 23, 1940, was an appealable order and that by failing to appeal within the statutory period the appellee was barred from later questioning the revivor. Appellee contends, first, that the order of revivor was not an appealable order. We need take no time on that question. The trial court evidently believed, at first, that it had jurisdiction to order revivor. Some eight months later when the case came on for trial the court had changed its opinion, and on jurisdictional grounds sustained the objection to introduction of evidence. Appellants' argument amounts to saying that the court couldn't change its mind; that the failure to appeal from the revivor was a determination for this case that there was jurisdiction, regardless of what the court might later conclude during the pendency of the action. Of course the argument is not good. Where there is entire lack of jurisdiction the question may be raised at any time—even for the first time on appeal. If such lack appears to the court at any time it is of course the duty of the court to recognize it, even though no objection be raised. (14 Am. Jur. 385, § 191; 21 C. J. S. 173, §§ 112, 175, 114.)

The real issue here is one of state sovereignty. Apple was a resident of Oklahoma. Action against him was based upon attach-

ment of property in this state alleged to belong to him. Service was by publication. As before stated, his general demurrer is here treated as a general appearance. The demurrer was overruled on February 25, 1936. Apple answered June 3, 1936, but the case remained untried and on December 3, 1939, Apple died leaving no property in Kansas. What had happened to the attachment or the property attached is not disclosed. When revivor was sought his estate in Oklahoma was being administered in Oklahoma. There was no property in Kansas belonging to the estate. No ancillary proceedings had been instituted in this state. Under such circumstances, what power could a Kansas court have to bring the Oklahoma executor before it, or to enter any judgment affecting either the Oklahoma executor or the estate in Oklahoma? The very basis upon which service rested in the original case against Apple—property within this state—had ceased to exist.

Each state is sovereign, and aside from constitutional exercise of power by the federal government, has exclusive jurisdiction over the persons and the property within its borders. No law of any other state has any effect, of its own force, upon such persons or property. The judgments and judicial decrees of one state have, *per se*, no extraterritorial effect. To be sure, each state must give "full faith and credit" to the laws and judicial proceedings of every other state (United States Constitution, art. 4, sec. 1), but that principle supports no contention of appellants here. Comity only gives recognition to things validly done in one state as to persons or property within the jurisdiction of that state. The general principles just stated find most frequent application perhaps in matters of taxation, the cardinal principle being that one state can levy no tax on any property not within the state or not "attributable to the jurisdiction" of the state—to use former Chief Justice Hughes' trenchant phrase.

Applying these principles, it is clear that no revivor or other statute could give the Kansas court power to bring the Oklahoma executor or the estate in Oklahoma within its jurisdiction. It had jurisdiction neither of person or of property. To say that a revivor action, under the circumstances stated, would not be subject to the same limitations applicable to nonresidents in the first instance, would be to ignore the fundamental considerations upon which the concept of state sovereignty rests. The constitutional limitations upon its applicability are implicit in the revivor statute—it could not be otherwise.

In support of their contention, appellants find analogy in statutes which provide that use of state highways by nonresident motorists shall be deemed the designation of some state officer upon whom process may be served in actions growing out of highway accidents within the state. Our attention is called to *Hess v. Pawloski*, 274 U. S. 352, 71 L. Ed., 1091, upholding the constitutionality of such a Massachusetts statute. The argument requires little comment. No one here contends that a nonresident who goes within a state does not thereby subject himself to the laws of that state insofar as they are applicable to him. By using the highways of the state the nonresident voluntarily submits himself to the jurisdiction of the state, within the valid limits of the law. Here we have no such situation. The Oklahoma executor did nothing which constituted voluntary submission to service.

The principles already stated are reinforced by the further proposition that the Oklahoma executor is a creature of Oklahoma law, exercising, under that law, no extraterritorial powers by virtue of his appointment. Under comity he may be accorded privileges in a foreign jurisdiction, but the property remains subject to the laws of its situs. Furthermore, creditors, heirs and other beneficiaries of the estate are entitled to have their rights determined under the laws of the state where the property exists and is being administered.

Appellee cites numerous authorities which support the principles above stated. We add only a few among the countless others which might be cited: *Rose v. Himely,* 4 Cranch, 241, 277, 2 L. Ed., 608, 619; *Pennoyer v. Neff,* 95 U. S. 714, 722, 24 L. Ed., 565, 568; *Frick v. Pennsylvania,* 268 U. S. 473, 69 L. Ed., 1058; 11 Am. Jur. 296-298, ¶ 4; Restatement, Conflict of Laws, § 512 (b); 11 R. C. L. 450-451, § 555; 77 A. L. R. 251; 2 R. C. L. Perm. Supp. 1544, § 4; 15 L. R. A., n. s., 632; *Manley v. Mayer,* 68 Kan. 377, 385, 75 Pac. 550; *Dillon v. Heller,* 39 Kan. 599, 601, 18 Pac. 693; *Dewey v. Barnhouse,* 75 Kan. 214, 215, 88 Pac. 877.

The case of *Brown v. Fletcher's Estate,* 210 U. S. 82, 52 L. Ed., 966, cited by appellee applies the broad principles above stated to a situation fully in line with the one before us. To quote pertinent passages therefrom would unduly prolong the opinion. We call particular attention to the quotation therein from Chief Justice Marshall's opinion in *Rose v. Himely,* supra, and to what was said in *Pennoyer v. Neff,* supra, as quoted in *Brown v. Fletcher* in 52 L. Ed., at page 970.

We conclude that the trial court was without jurisdiction to revive the action against the Oklahoma executor.

The judgment is affirmed.