No. 38,263

BETTY LOU KRAUS, *Appellee*, v. JOSEPH PETER KRAUS, *Appellant*.

(232 P. 2d 233)

Opinion filed June 9, 1951.

S. S. *Alexander,* of Kingman, argued the cause, and was on the briefs for the appellant.

*Paul R. Wunsch,* of Kingman, argued the cause, and *Chas. H. Stewart,* of Kingman, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This appeal arises out of a contempt proceeding instituted in a separate maintenance action.

On the morning of June 15, 1950, plaintiff wife filed an action for separate maintenance in the district court of Kingman county, alleging extreme cruelty and gross neglect of duty on the part of her husband, his failure to support her and their minor child, who was in her custody, and the prayer of her petition, among other things, was that she be given temporary support for herself and child and upon final hearing she be granted permanent alimony and support, together with the custody of the child and support therefor, and for costs of the action, including attorney fees.

Summons was issued on that day, directed to the sheriff of Sedgwick county. It was received by that officer on the next day and served on defendant that afternoon.

On the same morning (June 15th) that the wife filed her action for separate maintenance in Kingman county her husband filed an action for divorce in Sedgwick county. Summons in this action was duly issued on the same day, directed to the sheriff of Kingman county, and was received by that officer the next day. Service of this summons was made on the wife on June 20th.

On June 20th, in the separate maintenance action in Kingman county, the court made an order requiring the husband to pay into court for the support of his wife and minor child the sum of $15 every two weeks, commencing on June 30th, and the sum of $75, payable in monthly installments of $25 each, for her attorney fees. A copy of this order was served on the husband on June 21st.

On July 17th the husband, by special appearance, moved to set aside and quash the service of summons in the separate maintenance action on the ground that at the time of the filing of that action there was another suit pending between the parties in the district court of Sedgwick county and that the latter suit had been filed and summons issued prior to the filing of the separate maintenance action.

This motion to quash was overruled on September 9, 1950.

Contempt proceedings having been instituted, an accusation in contempt was filed on September 25th, on which date evidence was introduced concerning the filing of both actions and with particular reference to the time of day of such filing and issuance of summons in each. In substance, the husband's sole defense to the contempt proceeding was that the district court of Kingman county had no jurisdiction over him on account of the pendency of his divorce action in Sedgwick county, which it is claimed was filed prior to the separate maintenance action.

After hearing the evidence concerning the filing of the actions and issuance of summons in each, together with evidence as to the needs of the wife and minor child and the ability of the husband to comply with the order previously made, the court found the husband guilty of contempt on account of his failure to comply with such order and fined him the sum of $25, together with the costs of the proceeding, ordered that he should stand committed until the fine and costs be paid, and taxed the sum of $50 for the wife's attorney fee as part of the costs.

Execution of this order, pending final disposition of the matter on appeal, was stayed upon the giving of a bond in the amount of $300.

In his appeal the husband alleges nine specifications of error, but in substance it may be stated his contentions are that on account of the pendency of his divorce action in Sedgwick county the court had no jurisdiction over him in the contempt proceeding and that it was error to find him guilty of contempt and to impose the sentence that it did, including the order for payment of $50 for his wife's attorney fee.

We thus have this situation:

The wife filed an action for separate maintenance in Kingman county, and on the same day her husband brought an action for divorce in Sedgwick county. Service of summons was had in each action. Subsequently the court, in the separate maintenance action, made an order for temporary support and attorney fees. The husband failed to comply with the order and was cited for contempt. On the hearing thereof the husband was found guilty of contempt, was fined $25 and costs, ordered to stand committed until such fine and costs be paid, and was ordered to pay $50 for the wife's attorney fees. From the record it appears the foregoing is the extent of proceedings in the separate maintenance action, and it does not appear there have been any further proceedings in the divorce action in Sedgwick county beyond the filing of the husband's petition and the issuance and service of summons.

The question therefore boils down to this—Did the court in Kingman county have jurisdiction over the husband in the contempt proceeding, and, if so, did it commit error in rendering the judgment that it did?

At the time of rendering judgment the trial court dictated into the record certain findings. Among other things, the court found that the wife filed her petition and caused a summons to be issued prior to the time the husband filed his divorce action and caused a summons to be issued thereon in Sedgwick county. The court also was of the opinion that irrespective of priority in filing and the issuance of summons in the two cases it had jurisdiction over the husband in the contempt proceeding for the reason that the suit for separate maintenance and the suit for divorce were separate and distinct actions.

In our opinion it is unnecessary to take up and discuss the question of priority in the filing of these two actions, and neither is it

necessary to refer to the statutes (G. S. 1949, 60-301 and 60-308) relating to the commencement of actions and the authorities relied upon by appellant husband for the reason that here we are dealing with two separate and distinct actions. G. S. 1949, 60-1516, provides that a wife may obtain alimony from the husband without a divorce, in an action brought for that purpose, for any of the causes for which a divorce may be granted. Here the wife filed such an action in Kingman county and through service of summons that court obtained jurisdiction over the husband. Under the pleadings as filed she could not have obtained a divorce from him in that action. His action against her, filed in Sedgwick county, was to secure a divorce. Neither action had gone to final judgment, and certainly under such stage of the proceedings the pendency of his suit for a divorce in Sedgwick county did not operate as a bar to the enforcement of the order for temporary support and maintenance of the wife and child in the separate maintenance action in Kingman county. Our statutory sanction of such a proceeding is in line with the general rule as stated in 27 Am. Jur., Husband and Wife, § 402, pp. 9 and 10:

". . . According to the great weight of authority in this country, however, especially according to the more recent decisions, a court of equity is regarded as having inherent jurisdiction to entertain, independent of any suit for divorce or separation . . ., a suit by a wife for alimony, support, maintenance, or separate maintenance . . .

"The mere fact that statutory provision has been made for awarding alimony when divorces are granted does not exclude, by implication, any jurisdiction the courts may have had to enforce the fulfilment of that obligation in an action independent of a proceeding for a divorce; for it cannot be presumed that the legislature, while carefully providing for the continuance of the obligation of maintenance after divorce, intended thereby to cut off any jurisdiction which might be in the courts to enforce that obligation while the bonds of matrimony still existed."

Under the circumstances here existing we do not have the question of conflicting jurisdiction between two courts over identical persons and identical subject matter, and neither are we concerned with the rule announced in *Calkins v. Calkins,* 155 Kan. 43, 122 P. 2d 750, and *Zellner v. Zellner,* 155 Kan. 530, 127 P. 2d 428, to the effect that a divorce decree is a final adjudication of all property rights, including alimony, between the parties. That rule has no application to the facts before us for the simple reason there has been no adjudication whatsoever in the divorce action. We will not

labor the matter further, but hold that the court had jurisdiction over the husband in the contempt proceeding instituted in the separate maintenance action.

G. S. 1949, 60-1507, provides that after a petition has been filed in an action for divorce and alimony, or for alimony alone, the court may make an order, and enforce the same by attachment, for the support of the wife and children during the pendency of the action, and may also make an order relative to the expenses of the suit as will insure to the wife an efficient preparation of her case. The court made such an order on June 20th. The husband failed to comply with it. In the contempt proceeding the court found the husband was financially able to have complied with the order and therefore found him guilty of contempt. It is argued the husband's failure and refusal to comply did not constitute a "willful and contumacious" disobedience on account of the fact his reason for failure to do so was his contention that the court had no jurisdiction over him because of the pendency of his divorce action in Sedgwick county. Be that as it may, such ground and refusal to comply with the order, at least so far as the facts of this case are concerned, should not constitute a valid defense. To hold otherwise would merely bring about a complete breakdown in the administration of justice in wife and child support cases. We hold the court did not err in finding the husband guilty of contempt.

The only other question remaining concerns the propriety of the order allowing attorney fees in the amount of $50. The statute (60-1507, *supra*) empowers the court to make such orders relative to the expenses of the suit as will insure to the wife an efficient preparation of her case. This, of course, would include the matter of her attorney fees. Such provision would be of little benefit to the wife if it be held not to include her right to attorney fees in the enforcement of an order made by the court pursuant to that very section of the statutes. In other words, an order made by a court for temporary support and maintenance would be a naked order if a wife, due to her financial condition, were unable to enforce it. The court did not err in assessing her attorney fees as a part of the costs.

We have given careful consideration to all contentions advanced by appellant but find no error in this record. The judgment of the lower court is therefore affirmed.