No. 38,792

Carrie M. Wingert, *Appellee,* v. O. M. Mouse, *Appellant.*

(255 P. 2d 1007)

Opinion filed April 11, 1953.

*Owen S. Samuel,* of Emporia, argued the cause and was on the briefs for the appellant.

*Earl B. Shurtz,* of Emporia, argued the cause, and *Clarence V. Beck* and *Samuel Mellinger,* both of Emporia, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Wedell, J.: This was an action by an owner of property against a real-estate broker for cancellation of an agreement whereby plaintiff listed property for sale with defendant and for the recovery of $900 which it was claimed defendant obtained by a breach of such agreement.

Briefly stated, the action was predicated on the theory defendant obtained the listing of plaintiff's property from plaintiff, an aged woman, through coercion and undue influence; a written contract between plaintiff and the prospective purchasers was executed by them; a deed was executed by plaintiff; the latter agreement and deed together with a down payment check were to be placed and

retained in escrow until the entire transaction was fully consummated; defendant induced plaintiff to give him a check in the sum of $900 representing his commission, which check it was likewise agreed should be retained in escrow until the transaction with the purchasers was completed; defendant breached the listing agreement by cashing the $900 check immediately; plaintiff promptly rescinded the escrow arrangement by notifying the escrow holder to return the escrow instruments to her and authorized the escrow holder to return the down payment check to the prospective purchasers; that plaintiff had received no consideration whatever for the pretended sale of her property.

The petition also alleged wanton and malicious conduct by defendant. Plaintiff prayed for cancellation of the listing agreement, for the recovery of $900 and for punitive damages.

Defendant's answer pleaded the written agreement between plaintiff and the prospective purchasers and alleged it, the deed from plaintiff and the down payment check from the purchasers were executed and placed in escrow. The answer further alleged defendant had found a purchaser who was ready, able and willing to buy the land in accordance with the terms of the agreement. It denied the commission check of $900, executed at the time plaintiff listed the property with him, was to be placed in escrow.

At the conclusion of plaintiff's evidence the court sustained defendant's demurrer to the claim for punitive damages. Plaintiff has not cross-appealed from that ruling and it is not before us.

The evidence was conflicting on the question whether plaintiff voluntarily listed her property for sale with the defendant and also whether the $900 commission check was to be placed and retained in escrow until the sale was fully consummated. The trial court instructed the jury, in part, as follows:

"The burden of proof is upon the plaintiff in this case and before she is entitled to recover from the defendant she must prove by a preponderance of the evidence, as that phrase is hereinafter defined to you, the following:

"(1) Defendant unduly influenced and persuaded Plaintiff to sell her farm and to execute the sale contract, deed and commission check for $900.00 against her will, or

"(2) The agreement between Plaintiff and Defendant provided defendant was not to cash the $900.00 commission check until after full compliance of the provisions of the sale contract.

"If the plaintiff shall prove each and all of the foregoing essential facts in either paragraph one or two, by a preponderance of the evidence, as that phrase is hereinafter defined to you in these instructions, she will be entitled to the sum of $900.00, otherwise not."

The jury was also instructed that where a broker produces a purchaser ready, able and willing to buy the property on terms agreed to by the seller the broker is entitled to his commission, but that if there is an agreement as to the time the commission is to be paid it is controlling and enforceable. The jury was further instructed an agent owes his principal the duty of exercising good faith and loyalty towards him and cannot place his own personal interest in conflict with that of his principal.

Defendant interposed no objections to the instructions at the time of trial or thereafter. The instructions became the law of the case. (*Haney v. Canfield,* 152 Kan. 597, 600, 106 P. 2d 662; *Smith v. Bassett,* 159 Kan. 128, 152 P. 2d 794.)

It probably is well to observe the prospective purchasers were not parties to the action and are not involved in the appeal. The action was solely between plaintiff and the defendant. The jury returned a general verdict for plaintiff, assessed her recovery at $900 and answered the following special questions:

"1. Q. Did plaintiff employ the defendant to sell her farm on terms satisfactory to plaintiff? A. Yes.

"2. Q. If you answer question No. 1, 'Yes' then state whether or not the defendant Mouse exercised good faith and loyalty to plaintiff in his endeavors to sell said property. A. No.

"3. Q. If you answer the last above question 'No' then please state what defendant did or failed to do which was not in the exercise of good faith and loyalty to plaintiff. A. Cashed the $900.00 before full compliance of the provisions of the sales contract.

"4. Q. Do you find that the purchaser, John Korte was ready, willing and able to purchase the property for the sum of $30,000.00 as called for in the contract signed by plaintiff and said Korte? A. Yes.

"5. Q. Did the plaintiff on December 26th, 1951, employ counsel and direct him to take steps to prevent the performance of the contract, to cancel the contract and avoid the sale? A. Yes."

Defendant filed (1) a motion for new trial; (2) a motion for an order to set aside the general verdict and for a new trial on the ground the general verdict and the special findings were inconsistent and the special findings were inconsistent with each other; and (3) a motion for judgment on the special findings.

The abstract discloses that on the hearing of post-trial motions defendant withdraw the first two mentioned motions and argued the third. The abstract also indicates he asserted orally findings two and three should be stricken on the grounds they were outside the issues joined by the pleadings; there was no evidence of bad

faith and that the sales contract entered into by the plaintiff and the prospective purchasers contained no reference to the $900 commission agreement between plaintiff and the defendant.

The journal entry, approved by counsel for defendant, discloses no motion to strike findings two or three or a ruling thereon. It discloses defendant withdrew the first two motions above mentioned and presented only his motion for judgment on the special findings.

Defendant appeals from and specifies as error (1) the overruling of his motion to strike findings two and three and (2) the overruling of his motion for judgment on the special findings notwithstanding the general verdict.

We shall treat the alleged errors in the order stated. Appellant did not object to the submission of questions (2) and (3) to the jury. Appellant did not object to the instructions to the jury covering the subject elicited by those questions. As previously stated the instructions became the law of the case and the jury was required to answer the questions. We are obliged to accept the answers.

Moreover, let us assume for the moment the questions had been improperly submitted and answered and that appellant orally requested they be stricken. The refusal to strike the answers would not be reviewable. An order overruling a motion to strike special findings, as many other orders, if erroneous, requires a motion for a new trial to render the order reviewable on appeal. (*McClain v. Railway Co.*, 89 Kan. 24, 130 Pac. 646; *Morgan v. Morgan*, 146 Kan. 880, 73 P. 2d 1105; *Emporia Wholesale Coffee Co. v. Rehrig*, 173 Kan. 841, 252 P. 2d 590.) Appellant's withdrawal of the motion for new trial is tantamount to no motion and precludes a review of the order refusing to strike the findings and this would be true if such a motion had been actually and properly filed. (*McClain v. Railway Co.*, supra.) The special findings were a part of the verdict. One of the grounds for a new trial is that the verdict is contrary, in whole or in part, to the evidence. (G. S. 1949, 60-3001, *Fourth.*) It follows appellant's first specification of error is not reviewable on any theory.

Was appellant entitled to judgment on the special findings? In contending he was appellant relies on the general principal of law that a realtor is entitled to his commission when he has produced a purchaser who is ready, able and willing to buy on terms agreed

to by the seller. That general doctrine is well settled. The difficulty is the jury by its general verdict and its special findings determined on conflicting evidence this listing contract contained special terms; that appellant violated the listing agreement; that he did so in bad faith and with disloyalty to appellee; that this was done by appellant before there had been full compliance with provisions of the sale contract. The court's instructions to the jury covered the subject of alleged breach of the listing agreement and the effect thereof. The general verdict and the special findings are not inconsistent with those instructions. The instructions were not objected to and, as previously stated, became the law of this particular case. Neither was any instruction challenged on a motion for new trial. It follows this court on review is compelled to accept the instructions as having been, and as now being, satisfactory to appellant.

For the purpose of obtaining a ruling on a motion *non obstante veredicto* all findings of fact are admitted to be supported by the evidence. (*Mehl v. Carter,* 171 Kan. 597, 237 P. 2d 240; *Cain v. Steely,* 173 Kan. 866, 252 P. 2d 909.) In order to have such a motion sustained it is not sufficient that there be some possible inconsistency between the general verdict and the special findings, or between the special findings themselves, but the findings must be so contrary to the general verdict as to compel judgment in favor of the movant as a matter of law. (*Mehl v. Carter,* supra; *Cain v. Steely,* supra.) Here neither the general verdict and the special findings, nor the findings among themselves, are inconsistent with the instructions which became the law of this case. Under that law the findings do not compel judgment for appellant.

The judgment is affirmed.