No. 40,491

VIOLET JEFFERS, *Appellee*, v. DAIL L. JEFFERS, *Appellant*.

(313 P. 2d 233)

Opinion filed July 3, 1957.

*Kenneth H. Foust,* of Iola, argued the cause, and *John O. Foust,* of Iola, was with him on the briefs for appellant.

*John C. McCall,* of Chanute, was on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from a judgment rendered by the district court of Neosho County granting plaintiff appellee separate maintenance and alimony in the sum of $27,000 payable at $100 per month; possession of the parties' household goods; custody of their two minor children, with visitation rights to the defendant appellant; child support money in the sum of $50 per month during the minority of the minor children or until they become self-supporting; and, fees for plaintiff's attorney. Dissatisfied with that judgment, the defendant brings the case here for review.

On March 17, 1956, plaintiff filed the instant action in the district court of Neosho County but no praecipe for summons was filed and no attempt was made to procure service upon the defendant until May 2, 1956, when he was personally served with summons in Iola, Allen County. On April 16, 1956, and prior to the issuance of summons in plaintiff's separate maintenance action, defendant commenced an action in the district court of Allen County for divorce from the plaintiff, for custody of their minor children, and for a division of the property of the parties. Personal service of summons was had upon the plaintiff the same day in Chanute, Neosho County; however, no order was made for temporary alimony, or support or suit money for the wife, or for the custody, control and support of the minor children during the pendency of that action. When the separate maintenance action was tried in the district court of Neosho

County July 3, 1956, the divorce action was still pending and undetermined in the district court of Allen County.

On the day the separate maintenance action was tried the defendant filed an answer containing a general denial, an admission of the marriage of the parties and the birth of the children as alleged in the petition, and in the third paragraph thereof he alleged in substance that at the time plaintiff commenced her action in the district court of Neosho County there was pending in the district court of Allen County an action filed by the defendant against the plaintiff for a divorce, for custody of the minor children, and for a settlement of the property rights of the parties; and further, that the district court of Allen County had jurisdiction of the parties and of the subject matter and had prior jurisdiction at the time plaintiff's action for separate maintenance was filed. At the commencement of the trial and upon the oral motion of the plaintiff, the district court ordered the third paragraph of the defendant's answer stricken.

The defendant has appealed from the judgment of July 3, 1956, granting plaintiff separate maintenance and alimony in the sum of $27,000; from the order striking the third paragraph from his answer, and from all other orders, decisions and judgments. However, defendant's sole specification of error is "The amount of alimony allowed by the Court is excessive." In considering this specification we note first that the defendant failed to file a motion for a new trial, and, consequently, we have difficulty in ascertaining any point subject to appellate review.

Although the defendant appealed from the order of the district court striking the third paragraph from his answer, this asserted erroneous ruling is not specified as error, and, consequently, is not subject to appellate review (*Quick, Receiver v. Purcell,* 179 Kan. 319, 295 P. 2d 626; *Nicholas v. Latham,* 179 Kan. 348, 295 P. 2d 631; *Rice v. Hovey,* 180 Kan. 38, 299 P. 2d 45). Error is never presumed (*Quivira, Inc. v. Quivira Co., Inc.,* 173 Kan. 339, 245 P. 2d 972; *Elliott v. P. H. Albright Farm Loan Co.,* 129 Kan. 280, 282 Pac. 749), and it is incumbent upon the party appealing to specify the error alleged to have been committed (*Fakes v. Osborne,* 165 Kan. 176, 193 P. 2d 218; *Quick, Receiver v. Purcell,* supra).

Moreover, it has been decided many times that in the absence of a motion for a new trial, trial errors are not open to appellate review. These include rulings of the district court on dilatory pleas, orders setting the cause for trial, denial of additional time to plead,

the admission or exclusion of evidence, the sufficiency of evidence to support the judgment, erroneous instructions to the jury, misconduct of court or counsel, and general miscellaneous irregularities of procedure and practice for which new trials may be granted on timely motion of a defeated litigant (*Morgan v. Morgan*, 146 Kan. 880, 73 P. 2d 1105). In that case it was held:

"In an appeal from a judgment granting to plaintiff a divorce and the custody of a child and a monthly allowance for its support, the record examined, and *held:* (1) There being no motion for a new trial filed in the district court, no mere trial errors are open to appellate review; (2) the pleadings and findings of the trial court support the judgment entered in plaintiff's behalf."

A few of our many cases which support this rule are: *Holton v. Holton*, 172 Kan. 681, 243 P. 2d 222; *Billups v. American Surety Co.*, 173 Kan. 646, 251 P. 2d 237; *Wingert v. Mouse*, 174 Kan. 239, 255 P. 2d 1007; *State, ex rel., v. Miller*, 176 Kan. 175, 268 P. 2d 964; *Brewer v. Hearne Motor Freight Lines, Inc.*, 179 Kan. 732, 297 P. 2d 1108; and, *McIntyre v. Dickinson*, 180 Kan. 710, 307 P. 2d 1068.

In *Anderson v. Insurance Co.*, 55 Kan. 81, 39 Pac. 1038, it was held:

"The objection that the judgment is excessive in amount will not be considered on appeal where it was not raised by motion for a new trial." (Syl. ¶ 1.)

That case was cited with approval in *Robinson v. Davis*, 162 Kan. 44, 174 P. 2d 111, wherein it was said:

". . . Also, a contention that the amount of a judgment or verdict is not supported by sufficient competent evidence must affirmatively appear to have been asserted to the trial court in connection with a motion for a new trial before it can be considered in this court. (See *Decker v. House*, 30 Kan. 614, 1 Pac. 584; *McNally v. Keplinger*, 37 Kan. 556, 15 Pac. 534; *Anderson v. Insurance Co.*, 55 Kan. 81, 39 Pac. 1038; *Weaver v. City of Cherryvale*, 102 Kan. 475, 170 Pac. 997; and *Kinear v. Guthrie*, 113 Kan. 692, 216 Pac. 280.) . . ." (l. c. 46.)

It is obvious by the decisions of this court that in the absence of a motion for a new trial, the scope of appellate review is limited to the question whether the judgment is supported by the pleadings and findings (*Windmill Co. v. Buchanan*, 46 Kan. 314, 26 Pac. 708; *Benson v. Rosebaugh*, 128 Kan. 357, 278 Pac. 41; *Morgan v. Morgan*, supra).

With respect to the pleadings, plaintiff's petition clearly alleged her residence in Neosho County, her marriage to the defendant, the birth of their two children as issue of that marriage, the accumula-

tion of household goods and a 1954 automobile, of defendant's steady employment and his earning capacity, and of his gross neglect of duty and extreme cruelty. Defendant's answer has been heretofore summarized, and on the issues thus framed, the district court found it had jurisdiction of the parties and the subject matter of the action; that defendant had been lawfully summoned, and, in addition, he had entered a general appearance in the action; that all material allegations of plaintiff's petition were true and she was entitled to judgment for separate maintenance and alimony, custody of the minor children and possession of the household goods.

It is clear that the judgment is supported by the pleadings, but defendant contends the finding by the district court of Neosho County that it had jurisdiction of the parties and of the subject matter is erroneous and that as a matter of law that court could not render a judgment for alimony when a prior action for divorce was pending and undetermined between the parties in Allen County.

Although the defendant attempted to raise the question of jurisdiction of the district court of Neosho County to hear the separate maintenance action in the third paragraph of his answer, which was ordered stricken, that claimed erroneous ruling is not subject to appellate review since, as previously noted, the defendant failed to file a motion for a new trial or to include such ruling in his specifications of error in his appeal. However, this court will inquire into the jurisdiction of the district court to render a judgment or decree even though it is not raised by the parties to the appeal. Where there is entire lack of jurisdiction, the question may be raised at any time—even for the first time on appeal, and whether the parties have raised the question or not, it is the duty of this court to inquire whenever it appears there is any question as to jurisdiction (*National Bank of Topeka v. Mitchell,* 154 Kan. 276, 118 P. 2d 519; *Porter v. Trapp,* 160 Kan. 662, 165 P. 2d 591; *Kelly v. Grimshaw,* 161 Kan. 253, 167 P. 2d 627, 163 A. L. R. 1290; *In re Estate of Dix,* 161 Kan. 364, 168 P. 2d 537). Here, the defendant vigorously contends that as a matter of law the district court of Neosho County lacked jurisdiction of the subject matter and that the judgment rendered July 3, 1956, was void.

It is clear the district court of Neosho County had jurisdiction of the parties; the defendant was lawfully summoned, and what is of equal significance, he did not appear specially for the purpose of raising the jurisdictional question he now asserts, but instead en-

tered his general appearance in the separate maintenance action. We think under the facts and circumstances presented by this record, the district court of Neosho County had jurisdiction of the subject matter, *i. e.*, the power to hear the separate maintenance action and to render a judgment for separate maintenance, alimony, child custody and support, and award plaintiff the household goods.

G. S. 1949, 60-1516 expressly provides that a wife may obtain alimony from the husband without a divorce for any of the causes for which a divorce may be granted. We have previously held that an action by the wife against the husband for separate maintenance is a separate and distinct action from one by the wife against the husband or the husband against the wife, for divorce (*Wohlfort v. Wohlfort,* 116 Kan. 154, 159, 225 Pac. 746; *Kraus v. Kraus,* 171 Kan. 254, 232 P. 2d 233). See, also, *Hardesty v. Hardesty,* 115 Kan. 192, 195, 222 Pac. 102. In *Kraus v. Kraus,* supra, it was said:

"In our opinion it is unnecessary to take up and discuss the question of priority in the filing of these two actions, and neither is it necessary to refer to the statutes (G. S. 1949, 60-301 and 60-308) relating to the commencement of actions and the authorities relied upon by appellant husband for the reason that here we are dealing with two separate and distinct actions. G. S. 1949, 60-1516, provides that a wife may obtain alimony from the husband without a divorce, in an action brought for that purpose, for any of the causes for which a divorce may be granted. Here the wife filed such an action in Kingman county and through service of summons that court obtained jurisdiction over the husband. Under the pleadings as filed she could not have obtained a divorce from him in that action. His action against her, filed in Sedgwick county, was to secure a divorce. Neither action had gone to final judgment, and certainly under such stage of the proceedings the pendency of his suit for a divorce in Sedgwick county did not operate as a bar to the enforcement of the order for temporary support and maintenance of the wife and child in the separate maintenance action in Kingman county. Our statutory sanction of such a proceeding is in line with the general rule as stated in 27 Am. Jur., Husband and Wife, § 402, pp. 9 and 10:

" '. . . According to the great weight of authority in this country, however, especially according to the more recent decisions, a court of equity is regarded as having inherent jurisdiction to entertain, independent of any suit for divorce or separation . . ., a suit by a wife for alimony, support, maintenance, or separate maintenance . . .

" 'The mere fact that statutory provision has been made for awarding alimony when divorces are granted does not exclude, by implication, any jurisdiction the courts may have had to enforce the fulfillment of that obligation in an action independent of a proceeding for a divorce; for it cannot be presumed that the legislature, while carefully providing for the continuance of the obligation of maintenance after divorce, intended thereby to cut off any

jurisdiction which might be in the courts to enforce that obligation while the bonds of matrimony still existed.' " (1. c. 256, 257.)

We have examined the record and find no error. We are of the opinion the district court of Neosho County had jurisdiction of the parties and the subject matter of the action, and since the pleadings and findings of the district court support the judgment entered in plaintiff's behalf, that judgment should be affirmed. It is so ordered.